SAM HAYES v. THE STATE.

No. 2889.  Decided December 17, 1913.

Rehearing denied January 14, 1914.

**Seduction—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of seduction, the prosecutrix testified to the act of seduction, etc., and her testimony was corroborated by the circumstances in the case which tended to connect the defendant with the commission of the crime, the same was sufficient to sustain the conviction.

Appeal from the District Court of McCulloch. Tried below before the Hon. Jno. W. Goodwin.

Appeal from a conviction of seduction; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*James Flack* and *Joe P. Flack,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the crime of seduction, and his punishment assessed at four years confinement in the penitentiary.

The only ground in the motion for a new trial is that the evidence is insufficient to sustain the conviction, in that it is contended that the testimony of Miss Lottie Ogle is not corroborated. That Miss Ogle's testimony would show that she had been seduced is not disputed, but it is urged that there is no corroboration of her testimony that she and appellant had engaged in acts of intercourse. Counsel for appellant ably present this view of the case. It is not disputed that she is corroborated in the fact that she and appellant were engaged to be married—in fact two of his relations, an aunt and a cousin, Mrs. Lockner and Mrs. Spiller, both testify that appellant admitted to them they were engaged. Now, how can a female be corroborated in her testimony that an act of intercourse took place between her and a particular man? That she gave birth to a baby is positive proof that she had had intercourse with some man, but would not corroborated her statement that it was with this particular man. However, it is a fact to be taken into consideration with other testimony in the case, for it corroborates her in so far as to show that she had in fact had intercourse with a man. This is an act not committed upon the highways and byways. No respectable man and woman would engage in this act in the presence of another. Then of necessity it must be proven by circumstancess, and can be proven by circumstances alone, and if the circumstances in a case are sufficient to lead the jury to believe that the act took place as testified to by prosecuting witness, the corroboration is sufficient. In this case the mother of Miss Ogle testified: "I know the defendant Sam Hayes, and have

known him nearly all his life; the defendant visited Lottie frequently up until December 15, 1911; he was accepted in a familiar way at our home; he visited our house about once a week, and sometimes oftener, and when there were any parties or dances he would come and get my daughter and escort her there and back, and he was pleasant and nice when he was about our home, and we treated him the same way; during that time no other man than the defendant was paying attention to my daughter." Mrs. Lockner testified that she was a cousin of appellant; that she had frequently seen appellant and Miss Ogle together, and that appellant admitted to her he was engaged to Miss Ogle. Mrs. Spiller testified: "I remember hearing the report that Miss Lottie was in a family way; after I heard that report I had a conversation with Sam Hayes concerning the matter; I just went to him and asked him if he didn't promise to marry Lottie Ogle, and he said he told her he might some time." This was a virtual admission of both the act of intercourse and the promise of marriage. The testimony further shows that the engagement was of long standing, and appellant was the only man who who had been keeping the company of Miss Ogle for two years prior to the act of intercourse. Under such record, that he was the person who was the father of her child, is sufficiently proven by the circumstantial evidence in the case, outside of and independent of her testimony, the jury would have been authorized to so find. We do not wish to be understood as holding that the prosecutrix must be corroborated as to any particular fact in the case, but as she is an accomplice in law, when she testifies to a commission of a crime by a particular person, the evidence, independent of her testimony, must tend to connect the person on trial with the commission of that crime, and if it does so, the corroboration is sufficient in law.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 14, 1914.—Reporter.]