### TIP COOLEY v. THE STATE.

#### No. 2817. Decided March 25, 1914.

**1.—Assault to Murder—Continuance—Motion for New Trial.**

Where, upon trial of assault with intent to murder, defendant sought a continuance because of the absence of his daughter to prove that the party assaulted had seriously threatened her father which was denied by the party assaulted, and the application showed sufficient diligence and the motion for new trial was supported by the affidavit of the said absent witness showing the materiality of her testimony, a new trial should have been granted.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence sustained the conviction, there was no error on that ground.

**3.—Same—Self-defense—Charge of Court—Defendant's Standpoint.**

While the court's charge on self-defense, taken as a whole, was sufficient, yet the same is subject to criticism in not presenting the issue of real or apparent danger from defendant's standpoint.

**4.—Same—Statement of Facts—Question and Answers—Practice on Appeal.**

It is not intended by the law, as it now stands, that statements of facts shall be made up of questions and answers by the witnesses, and even where the parties can not agree, the testimony of the witnesses should be condensed except where, in the opinion of the judge, the question and answer form may be necessary; however, when the statement of facts showed that an agreement could have been reached, this court will not be bound by a certificate that the question and answer of the witnesses are necessary to help elucidate the facts or question involved, and in the future, such statement of facts will be struck from the record. Following Criner v. State, 71 Texas Crim. Rep., 369.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mahaffey, Thomas & Hughes,* for appellant.—On question of overruling motion for continuance where the same was not controverted by the State: Roquemore v. State, 54 Texas Crim. Rep., 592; Smith v.

State, 54 id., 617; Jones v. State, 55 id., 123; Weaver v. State, 52 id., 11; Leonard v. State, 53 id., 187.

On question that it is no answer to the application for continuance that the absent testimony is cumulative: Wilson v. State, 18 Texas Crim. App., 576; Hardin v. State, 52 Texas Crim. Rep., 238; Pearson v. State, 56 id., 607; Johnson v. State, 55 id., 134; Smith v. State, 54 id., 617; Riley v. State, 58 Texas Crim. Rep., 176, 125 S. W. Rep., 582.

On the question where affidavits are attached to the motion for new trial of the absent witnesses, the trial court is not the judge of its probable truth: Baines v. State, 42 Texas Crim. Rep., 510; LeRoy v. State, 43 id., 556; Lawhorn v. State, 46 id., 555; Long v. State, 48 id., 434; Thomas v. State, 51 id., 329; Sneed v. State, 100 S. W. Rep., 922; Freeman v. State, 75 S. W. Rep., 505.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to murder and his punishment assessed at the lowest prescribed by law.

It is unnecessary to make any extended statement of the case or evidence. The evidence raised and the court submitted, self-defense,— especially under what appellant claimed was the attempted execution of threats by Mr. Pugh, the assaulted party. The question of threats was a material one. The State undertook to show, and its testimony with more or less strength does show, that said Pugh made no serious threats or, if so, they were conditional, against appellant. On the other hand, appellant introduced testimony showing, or tending to show, serious threats and without any condition to them. Among others of such threats, appellant contended that about a week before the assault, said Pugh in the presence and hearing of appellant's daughter, Mrs. Cleveland, made such threats in an angry manner and violently cursed and abused appellant at the time. This was a controverted issue between the State and appellant. The effect of Pugh's testimony tended to show that no such violence, abuse or threats were made by him at the time.

Appellant sought a continuance because of the absence of his daughter to prove said Pugh's said threats, violence, abuse, etc. Sufficient diligence was shown by appellant to procure the attendance of his said daughter and her failure to attend was because of her illness and threatened abortion in such a way and to such an extent as to prevent her attendance. The State did not contest this point and it was amply shown by appellant. In his motion for new trial and as a part thereof on this ground he attached the affidavit of his daughter as to what she would have testified. This is shown to be material and under the circumstances of this case the failure of the court to grant the continuance, or rather to grant a new trial because of his refusal thereof, must result in the reversal of this case. It is needless to recite the facts further about the matter. We think it clear that the action of the court in this

matter presents reversible error. Hays v. State, 72 Texas Crim. Rep., 249.

Another ground of appellant's motion for new trial is that he claims the testimony is insufficient to sustain the verdict. As the case must be reversed, we neither state nor discuss the testimony, but, after a careful consideration of it, we are clearly of the opinion that it was amply sufficient, and even the preponderance of it is in favor of the State.

Some complaint is made of the court's charge on self-defense. Taking the charge as a whole, it is sufficient and appellant's claimed errors would not authorize a reversal of this case on that ground. However, in one particular the court's charge is subject to criticism. It is in that paragraph wherein it instructs the jury that the mere fear upon the part of the defendant that the assaulted party might do him serious bodily injury, or would kill him, would not justify the defendant in shooting said assaulted party, "nor would the defendant be justified in shooting the said Pugh if at the time he did so he was then in no real danger of suffering death or serious bodily injury from the said Pugh." That part of this paragraph of the court's charge quoted above is not correct in that it omits therein at this point or some other following it to tell the jury if he was then in no real *or apparent danger, as viewed from defendant's standpoint.* If the evidence on another trial calls for such charge the court, in order to avoid criticism, should remedy this paragraph.

There is another matter in this case to which we call attention. The statement of facts contains some ninety typewritten pages. It could and should have been prepared within about one-fourth that space. The reason this statement of facts is so long is because the great bulk of it is made up of questions to, and answers of, the witnesses when there could be no possible misunderstanding of the witness' testimony. It is also made up to some extent of the attorneys' different remarks, or objections, and the court's remarks or statements, all of which should have been omitted. At one time the statement of facts, by our statutes, were authorized to be made up of the complete stenographic report of the evidence by questions and answers and in fact everything that occurred and was said and done by the witnesses, court and attorneys in the trial of the case. This was so abused, however, and imposed such an enormous unnecessary labor on the judges of the appellate courts that the Legislature at the next session years ago, repealed that law, and required, as the statute now does, that such statement of facts shall be made up in a narrative form. Section 14 of the Act of March 31, 1911, p. 268, now in force, says:

"In the trial of all criminal cases in the District Court in which the defendant is charged with a felony, the official shorthand reporter shall keep an accurate stenographic record of all the proceedings of such trial in like manner as is provided for in civil cases, and should an appeal be prosecuted in any judgment of conviction, whenever the State and defendant can not agree as to the testimony of any witness, then and in such event, so much of the transcript of the official shorthand reporter's

report with reference to such disputed fact or facts shall be inserted in the statement of facts as is necessary to show what the witness testified to in regard to the same, and constitute a part of the statement of facts; . . . provided, that such stenographer's report when carried into the statement of facts . . . shall be condensed so as not to contain the questions and answers, except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved." It will be seen by this and the legislation on the subject that it is not intended that statements of facts, under the law as it now exists, shall be made up of questions and answers by the witnesses. But, as stated by the statute, it is only "whenever the State and defendant can not agree as to the testimony of any witness, then and in such event, so much of the transcript of the official shorthand reporter's report with reference to such disputed facts, or fact shall be inserted." And, even then, the evidence of the witness on that point "shall be condensed so as not to contain the questions and answers, except where in the opinion of the judge such questions and answers may be necessary in order to elucidate the fact or question involved." The trial judges in the courts below should see that the statute in this respect is complied with, instead of, as in this case, practically the greater part of every witness' testimony is given in question and answer form when there is no possibility that the attorneys or the court below could not have agreed to such witness' testimony without the question and answers. When such is shown, as in this case, we will not be bound by the judge's certification, as in this case, "I certify that where the questions propounded to, and the answers of the witnesses appear herein such questions and answers, in my opinion, are necessary to help elucidate the fact or question involved." If the prosecuting officers in this case had made a motion to strike out the statement of facts because of the violation of the law above quoted, we are inclined to believe that we would have granted it and struck out the statement of facts and affirmed this case. We give this warning so that appellants and their attorneys in having a statement of facts prepared shall comply with this law; otherwise, such statement of facts will be struck out and not considered by this court. Criner v. State, 71 Texas Crim. Rep., 69, 159 S. W. Rep., 1059, and cases cited therein.

There is nothing else requiring any discussion or decision in this case. For the error above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*