### T. M. Cowan v. The State.

#### No. 3607. Decided March 14, 1906.

**1.—Embezzlement—Trust—Implied Trust.**

Upon a trial for embezzlement, where the evidence showed that the defendant had received a cash payment on land sold to the prosecutor, which according to mutual agreement was to be paid by him to a third party to satisfy a vendor's lien note on said land, and that defendant failed to apply said money as agreed but appropriated same to his own use and benefit, he was guilty of embezzlement.

**2.—Same—Misconduct of Jury—Defendant as a Witness—Amended Motion For New Trial.**

Where upon a trial for embezzlement, after the jury retired to consider their verdict, the fact that the defendant failed to go on the stand as a witness was

freely commented upon as an evidence of his guilt among the jurors. Held error, although defendant's counsel admitted that he knew of these matters as set up in his amended motion for new trial, before he filed his original motion, and gave no reason why they were not set up and incorporated therein; and the court should have inquired into the question presented by affidavit attached to the motion before overruling the same.

### 3.—Same—Motion for New Trial—Filing Amended Motion.

In the absence of some definite rule of the court on the subject of filing motions for new trial, there was no limitation that could be inaugurated in the particular case where the motion for new trial had not been determined when the amended motion was filed during the term, or presented and leave asked to file the same during the term; and where the same presented an important matter relating to the misconduct of the jury. Held, that the court was not authorized to reject the amended motion for new trial.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Uvalde Burns,* for appellant.—On question of misconduct of jury: Tate v. State, 38 Texas Crim. Rep., 265.

*Howard Martin,* Assistant Attorney-General, and *E. T. Branch,* for the State.

HENDERSON, JUDGE.—Appellant was convicted of embezzlement, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

Appellant strenuously insists that the circumstances of this case do not constitute embezzlement. The facts show that T. M. Cowan was the owner of a piece of land, and sold the same for $475, to the prosecutor Mike Dzierzbricki, a Polander; $250 of which was cash, and the balance monthly installments of $25. Prosecutor employed one Tharp, an attorney of Houston to investigate and pass on the title. The vendor (appellant) and vendee met in Tharp's office in Houston. Tharp informed the vendor that there was a vendor's lien note against the land owned by Mrs. Betty Bryan, a real-estate agent of Houston, which appellant admitted. The cash payment of $250 was handed by the vendee to his attorney Tharp. This was handed by Tharp to appellant, the vendor, with the understanding that the same was to be paid to Mrs. Betty Bryan, to satisfy the vendor's lien note on said land, and a release was to be procured. At the same time a deed was executed by the vendor to the vendee. Tharp and appellant then went to the office of Mrs. Bryan for the purpose of paying off the vendor's lien note and procuring a release. When they got to the office she was not there. After waiting a while Tharp left, leaving appellant at the office to pay the money and get the release. This, as we gather from the State's case, appellant did not do, but left before Mrs. Betty Bryan returned. He never did pay the vendor's lien off. In the

meantime prosecutor Dzierzbricki believing that the same had been paid off, continued to pay his monthly installments, until the balance of the purchase money was paid to appellant. It seems that at the instance of appellant, Mrs. Bryan brought suit on her vendor's lien note. Prosecutor was sued, and after this appellant was indicted for embezzlement.

As we understand the position of appellant, he contends that this cash money paid him at the time of the land trade was his own, going to him as a part payment on the land, and that as to it he could not become a trustee so as to be subject to the statute regarding embezzlement. It is further contended that the State's case only goes to the extent of endeavoring to show a case of an implied trust, and that certainly there could be no implied trust so as to make him amenable to the statute regarding embezzlement. As a matter of fact the record shows more than an implied trust here. It shows that he received this $250, and that he agreed to raise the vendor's lien note with it and get a release of the same, for the protection of his vendee. As an earnest of this, the proof on the part of the State (and we do not understand this to be gainsaid) shows that he went with the attorney of the vendee to the office of the holder of the vendor's lien note for the purpose of paying it off and obtaining a release. According to our view of the evidence on the part of the State, it was clearly the understanding of the parties that appellant was to lift or pay off this vendor's lien note with the cash received by him, and he undertook to do so; and notwithstanding the fact that the money was originally coming to him at the time of its payment, he received it coupled with the trust that he would pay off the vendor's lien with said fund. We think, under the circumstances, as shown by the State, this was as much a trust fund in his hands under the circumstances narrated as if some entire stranger to the transaction had been paid the money by the vendee with an obligation on the part of such stranger to take the same and pay off the vendor's lien to the holder thereof.

There is one question in the case which in our opinion must reverse it; that is, the action of the court with regard to the misconduct of the jury. This matter is presented by a bill of exceptions in connection with the amended motion for new trial, and it is shown by the affidavits of two jurors that the failure of appellant to testify was discussed before the jury had agreed on a verdict. One of said affidavits was substantially, as follows: Juror C. C. Eiseman stated that after the jury retired to consider of their verdict, and before any verdict had been reached, one of the jurors, whose name was forgotten by affiant, remarked, "It is very odd and unusual that the defendant failed to get on the stand and testify in his own behalf." Another juror, whose name affiant did not recall, stated, "Yes, it is indeed odd that he did not testify in his own behalf when he had an opportunity. And I believe that his failure to testify when the opportunity presented itself, shows that defendant is clearly guilty as charged in the indict-

ment." That subsequent to these declarations the matter of the failure of the defendant to testify was generally commented upon and discussed. Subsequent to the discussion ballots were taken and ten of the jurors voted in favor of conviction and two against it, one of whom was affiant; that after casting several ballots the juror who agreed with him on acquittal changed his vote for conviction, and finally affiant did likewise. Affiant further stated that from what was said concerning appellant's failure to testify, the impression was produced upon his mind of appellant's guilt, and had its effect on his judgment in changing his vote from not guilty to guilty. The other juror swore somewhat similar, though not as strong. These affidavits were appended to the amended motion for new trial, which the court refused to receive or to allow it filed. The court explains his refusal to consider the same, as follows: "The bill is allowed and ordered filed with this explanation: 'Counsel admits that he knew of the matters set up in his amended motion before he filed his original motion, and gave no reason why they were not set up and incorporated therein. Counsel waited until the last day of the court to file the same, although he met the judge presiding on the street only the day before the motion was filed and said that he desired to file an amended motion, when he was informed that counsel desired to contest its filing, and he then should have given counsel for the State notice of matters set up therein, and which was not done; thus the State had no opportunity to contest matters of fact set up. The matters set up in the motion were vague and indefinite. Reference is here made to motion of State, which is correct." It may be that counsel for appellant lacked in diligence in not sooner presenting the amended original motion for new trial, and filing it' on the last day of the term may have put the State at a disadvantage. But in the absence of some definite rule of the court on the subject of filing motions for new trial, we know of no limitation that can be inaugurated in the particular case where the motion for new trial has not been determined and when the amended motion is filed during the term. Here there is no question but that the same was presented and leave asked to file the same during the term; and there is no question that it presented a very important matter relating to the misconduct of the jury. We do not believe that the court was authorized to reject this amendment. Ransom v. State, 70 S. W. Rep., 960. This amended motion for new trial, as shown above, put a stigma on the verdict. It occurs to us it was the duty of the court to have investigated, even in the short space of time after filing the motion, in order to determine whether or not said misconduct had transpired. As it is, the conduct of the jury as shown by the affidavits of two of the jurors uncontroverted and unexplained, is sufficient to have set aside the verdict. It is not shown that these two jurors could not have been had before the court in the limited time of one day. Certainly some effort should have been made to have shown that the jurors were mistaken, and that they did not state

the facts. Otherwise a new trial should have been granted. For this error of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*