### ORANGE KEENER V. THE STATE.

No. 3585. Decided June 12, 1907.

**1.—Theft—Felony—Copy of Indictment— Delay—Statutes Construed.**

Where upon trial for theft, the defendant objected to going to trial because he had not been previously served with a copy of the indictment, and the record showed that he had had the benefit of a certified copy of the indictment delivered to his counsel; that two continuances were granted before he was called upon for trial, and that after a lapse of nine months after the first continuance he was forced to trial, and that he was out on bail, there was no error. Article 540, Code Criminal Procedure must receive a reasonable construction although mandatory in terms. Distinguishing Brewin v. State, 48 Texas Crim. Rep., 51, 85 S. W. Rep., 1140.

**2.—Same—Accomplice—Collateral Facts.**

Where upon trial for theft, the matters about which defendant cross-examined a State's witness, were collateral to the main issue and were denied by the witness, and in no wise suggested that the witness was an accomplice with defendant, the contradiction of this State's witness, who was thereby made defendant's witness by another State's witness, was not authorized.

**3.—Same—Contemporaneous Offenses—Felony—Charge of Court—Cross-Examination.**

Where the prosecution for theft was based solely upon one transaction, and this constituted a case of felony, and the defendant received the minimum punishment, there was no error in not charging on other contemporaneous thefts in evidence; which were adduced in cross-examination, and to limit such testimony.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Branch,* for appellant.—On question of serving copy of indictment, besides cases cited in the opinion: Stokes v. State, 35 Texas Crim. Rep., 279; Woodall v. State, 25 Texas Crim. App., 617; Harris v. State, 32 Texas Crim. Rep., 282; Record v. State, 36 Texas, 522; Turner v. State, 21 Texas Crim. App., 198; McKinney v. State, 41 Texas Crim. App., 413; articles 540 to 542 and 568, Code Crim. Proc. On question of accomplice: Dubose v. State, 10 Texas Crim.

App., 230; Coffelt v. State, 19 Texas Crim. App., 442; White v. State, 62 S. W. Rep., 749.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of theft of lumber over the value of $50, and his punishment assessed at confinement in the penitentiary for a term of two years; and prosecutes this appeal.

A summary of the facts shows that prosecutor David Peacock was manager of a lumber company yard in the City of Houston known as the Harrell Lumber Yard; that he had in his lumber yard a certain quality of lumber for making doors and sash; it was sawed on one side with a circular saw, and on the other with a band saw, leaving peculiar marks on the lumber by which it could be identified. On the 17th of March, 1906, or shortly after that time, prosecutor missed a portion of a stack of this lumber out of his yard. It was traced to the possession of appellant, who had built out of it in part a wall around the base-ball grounds owned by him. Witnesses for the State proved that appellant was present at the taking of this lumber; it appears to have been taken about 12 o'clock in the daytime when the mill hands ceased work, a wagon having been procured by appellant from one Burke to haul said lumber, the team being driven by an employee of said Burke, to wit: Henry White. Appellant, it appears, had interested two of the prosecutor's employees, Wm. Heskins and Will Butler, in his enterprise, and they assisted him in loading the lumber. This is a sufficient statement of the case to present and discuss the questions involved.

Appellant reserved a bill of exceptions to the action of the court in forcing him to trial without having previously served upon him a copy of the bill of indictment. Briefly stated, the exception shows, as follows: There was a former indictment in the case, which was dismissed on account of some defect, and which it appears was served on appellant. On the 30th of June, 1906, the indictment in this case was filed in the Criminal District Court of Harris County, appellant then being confined in jail since the preceding 28th of June, 1906, evidently under the former indictment. On the evening of the 2nd of July appellant gave bail and was released from custody in this case. No copy of the indictment in the present case was served on appellant. The case was first set down for trial for the January term 1907, at which term of the court a certified copy of the indictment, at the request of E. T. Branch, attorney for the defendant, was delivered to him by the clerk of the court, and the cause was continued by defendant at the instance of his counsel on account of sickness in his family. That at the subsequent March term, 1907, the case was again continued by agreement. On the 12th of April, 1907, it being the April term of said court, the case was called, and the State announced ready for trial, and defendant then made a verbal application for

continuance, which was overruled. Defendant then presented and read his motion for a postponement of this case on the ground that he had not been served with copy of the indictment, and that the law accorded him the privilege of the service of a copy of said indictment, and a postponement of two days thereafter before he could be forced to trial. The court refused to postpone the case, and forced him to trial, and appellant excepted to this action of the court. In explanation of this bill, the court says, that appellant had continued the case at the January term, and at the subsequent March term it had been continued by agreement, and that appellant had been on bond since July 2, 1906, and that defendant's counsel had received a copy of said indictment as stated. The question thus presented for our consideration is, was the action of appellant, under the circumstances, a waiver of service of the indictment. Appellant insists that it was not, and cites us to article 540, Code Criminal Procedure, and authorities construing same, amongst others, to Brewin v. State, 48 Texas Crim. Rep., 51, 85 S. W. Rep., 1140, and Holden v. State, 44 Texas Crim. Rep., 382, 71 S. W. Rep., 600. These and other authorities hold that when appellant is in custody at the time an indictment is presented against him, or if he is not then on bail, but is subsequently arrested under said indictment and placed in custody, he is entitled to service of a true copy of the indictment, and two days are accorded him before he can be brought to trial. See Evans v. State, 36 Texas Crim. Rep., 32, to the same effect. In Brewin v. State, supra, the appellant was in custody when the indictment was presented, which was on the 17th of October, 1904; on the 12th of November she was admitted to bail; she was brought to trial on the 14th of December following without having been served with a copy of the indictment. It was held in that case, construing the several articles from 540 to 542, inclusive, that the statute was mandatory, and while it could be waived, that it must be waived in person, following McDuff v. State, 4 Texas Crim. App., 58. In the Brewin case, however, subsequent to the presentation of the indictment, and the enlargement of the prisoner on bail, only a few days elapsed, two or three, as in this case, but appellant was brougt to trial in that case, evidently at the first succeeding term of the court, which was evidently at the same term of the court, only twenty-five days subsequent to her arrest and incarceration. Here we have a lapse of twelve months intervening between appellant's release from custody on bail and his being brought to trial. Several terms of the court must necessarily have elapsed, and appellant is shown to have continued the case at the January term, and to have agreed to a continuance at the March term. In the meantime, at the January term, appellant's counsel, on request, procured a certified copy of the indictment from the clerk. We understand the object of the statute to be to guarantee an appellant full opportunity after his arrest or if he is in custody at the time of his indictment, to prepare such pleadings as he may see fit, and otherwise

get ready for trial, and the statute accords him two full days after service of the indictment for this purpose. See Evans v. State, supra. Let it be conceded that this statute is mandatory in terms, still it must receive a reasonable construction so as to protect appellant's rights, while at the same time not obstructing or delaying trials. In Brewin v. State, supra, there was some reason for the action of the court inasmuch as but a short time had elapsed between the enlargement of the prisoner on bail, and the trial, and no copy in that case was shown to have been delivered to the counsel in the case for his inspection. Here appellant had the benefit of a certified copy of the indictment delivered to his counsel; more than that, two continuances were granted, during which time full opportunity was afforded appellant to inspect the original indictment and to prepare all necessary motions and exceptions, and after the lapse of nine months, when another continuance presented by appellant was overruled, he then for the first time interposed an objection to going to trial simply because he had not been served with a copy of the indictment. It occurs to us that this was evidently resorted to simply for delay. Under the circumstances we do not believe the court erred in overruling the motion.

Appellant insists that the court erred in not permitting him to prove by one Joe Emmich that Burke, a witness for the State, stated to him on a former occasion that he (Burke) was going to back up the said base-ball park enterprise, and that he and defendant were partners in said enterprise. It appears that before this the State had introduced as a witness C. M. Burke, who had been hired by appellant to haul the lumber for him, about which said witness Burke testified, and it was shown in this connection that said Burke had testified that when appellant applied to him to hire him his wagon, that he asked him where he was going to get his lumber, and he said at Harrell's mill, and the witness informed appellant that he did not think Harrell's mill sold lumber by retail; that he tried to get lumber there himself at retail, to which appellant replied that he had some friends at the yard who would lay aside odds and ends for him, which he could get at the noon hour or after five o'clock in the evening, and appellant on cross-examination further proved by this witness that he did not tell Joe Emmich that he was going to back up appellant in his base-ball enterprise, or that he was his partner, etc. Appellant says he wanted to prove the above facts by the witness Emmich in order to show that the State's witness Burke was an accomplice with appellant. It occurs to us, as to these matters about which appellant cross-examined the witness Burke, they were collateral to the main issue, and the witness' testimony in nowise suggested that he was an accomplice with appellant, and furthermore, we do not believe, if in connection with his testimony he had admitted that he was going to back appellant up in his baseball enterprise, that he was going to be a partner with him in said enterprise, that this would have consti-

tuted him an accomplice, but certainly his denial of these collateral matters when as to this he was made appellant's witness, would not authorize his contradiction, nor do we think that appellant could show in this collateral way in contradiction of the witness that he was an accomplice.    We do not believe the court erred in excluding this testimony.   We have examined the record carefully, and in our opinion it is ample to sustain the conviction, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### June 27, 1907.

HENDERSON, Judge.—This case was affirmed at a previous day of this term, and now comes before us on motion for rehearing.

Appellant calls our attention to an assignment not considered in the original opinion, to wit: that the court should have instructed on other contemporaneous thefts introduced in evidence.  We note in the cross-examination of the witness Henry White that he states that he hauled three loads of lumber for Keener altogether from the Harrell Lumber Yard.   But for the fact this matter was adduced in cross-examination this question would not have arisen, and it does not occur to us that appellant, having drawn this matter into the case, could complain, because same was not limited by the court in its charge.   However, the testimony on the part of the State shows that appellant was prosecuted for but one taking; that is, for hauling one load of lumber from the Harrel Lumber Yard on the 17th of March, 1906.   The prosecution was based solely on this transaction.   There is no question that the amount of lumber hauled by the wagon on that occasion would constitute a case of felony, as the witness says that his wagon was capable of hauling an ordinary load from two to three thousand feet, and this was an extraordinary large load of lumber hauled on the 17th of March.   The lumber was proved to be of the value of $35 a thousand.   The jury gave the appellant the lowest punishment, two years, and even if it be conceded that the court ought to have charged as to the taking of the other loads of lumber, no possible injury accrued to appellant on account of the failure of the court to so limit said testimony.

It is not necessary to discuss the matters treated in the original opinion.

Motion for rehearing is overruled.

Brooks, Judge, absent.

*Overruled.*