## J. A. Wray v. The State.

### No. 6272.   Decided May 25, 1921.

### Rehearing denied June 22, 1921.

#### 1.—Embezzlement—Description of Money—Indictment—Rule Stated.

Where the indictment charged embezzlement by the appropriation of certain money, to wit $6,667, which said money was of the value of $6,667, and which said money came into his. possession and under the care of the defendant by virtue of his agency aforesaid, the indictment was sufficient and it was unnecessary to more specifically describe the money embezzled.   Following Taylor v. State, 20. Texas Crim. App., 491, and other cases.

#### 2.—Same—Principal and Agent—Rule Stated.

Where the defendant was entrusted by his principal with the possession of his property with authority to ·dispose of it and deliver the proceeds to the principal, the relation of principal and agent existed. . Following Henderson v. State, 55 Texas Crim. Rep., 643, and other cases. Distinguishing Miller v. State, 88 Texas Crim. Rep., 69.

#### 3.—Same—Circumstantial Evidence—Charge of Court.

Where the evidence was direct and uncontradicted that the defendant sold his principal's property for the sum named in the indictment and appropriated the money to his own use, a charge on circumstantial evidence was not required.   Following Miller v. State, *supra.*

#### 4.—Same—Certified Copy of Indictment—Practice on Appeal.

Where the record showed on appeal that defendant was under bond and on the call of his case agreed to a continuance, and thereafter defendant's counsel obtained a certified copy of the indictment from the clerk, and this was in their possession at the time of the agreement to the postponement of the case, the rule of the statute was complied with, although defendant had never been served with a copy of the indictment, and demanded that he be served with such copy.   Distinguishing Venn v. State, 86 Texas Crim. Rep., 633, 218 S. W. Rep., 1060, and other cases.

#### 5.—Same—Service of Indictment—Waiver—Rule Stated. ·

The service of the indictment may be waived in cases in which it is held that the facts were such as to constitute a waiver.   Following Rice v. State, 49 Texas Crim. Rep., 574, and other cases.   Distinguishing McDuff v. State, 4 Texas Crim. App., 61.

#### 6.—Same—Rehearing Service of Copy of Indictment—Rule Stated.

Where appellant insisted upon rehearing that he was entitled to a postponement of his trial for two days and for service upon him of a copy

of the indictment; held, that the spirit and purpose of the law is complied with when it is shown that a substantial copy of the indictment is in the possession of the appellant a sufficient length of time before his case is called for trial to enable him to properly prepare his defense, and a literal compliance with the statute is not necessary. Following Kenna v. State, 51 Texas Crim. Rep., 590, and other cases.

### 7.—Same—Circumstantial Evidence—Charge of Court.

It was not denied that the money of his principal came into the possession of the defendant and was by him deposited in his name and thereafter used by him, and therefore a charge on circumstantial evidence was not necessary.

### 8.—Same—Statement by District Attorney—Statutes Construed.

Sub-division 3, of Article 717, C. C. P., which directs that the prosecution state to the jury the nature of the accusation and the facts which are expected to be proved is held to be directory, and unless it be shown that some injury resulted to defendant, there is no reversible error. Following Holsey v. State, 24 Texas Crim. App., 35, and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of embezzlement; penalty, three years' imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.—On question of description of money: Dukes v. State, 2 S. W. Rep., 590; Jackson v. State, 29 id., 265; Martinez v. State, 41 Texas, 164; Williams v. State, 5 Texas Crim. App., 116; Lavarre v. State, 1 id., 685; Winston v. State, 9 id., 143.

On question of principal and agent: Miller v. State, 225 S. W. Rep., 379.

On question of copy of indictment: Martin v. State, 188 S. W. Rep., 1000, and cases cited in opinion.

On question of statement by the State: Cannon v. State, 208 S. W. Rep., 660; Walsh v. State, 211 id., 241.

*R. H. Hamilton,* Assistant Attorney General, and *Jerome P. Kirby,* for the State.

MORROW, PRESIDING JUDGE.—Conviction is for embezzlement; punishment fixed at confinement in the penitentiary for three years.

One count in the indictment charged embezzlement by the appropriation of "certain money, to-wit: $6.667 which said money was of the value of $6,667, and which said money came into his possession and under the care of said J. A. Wray by virtue of his agency aforesaid." The criticism made is that the description of the property was insufficient. A view contrary to that advanced by appellant was taken to the Supreme Court in the case of State v. Brooks, 42 Texas Reports, page 63, the charge being that the appellant did "convert to his own use a part of the money entrusted to him, as aforesaid: the sum of

one thousand dollars. In holding the indictment good, the court said: "We think that it was unnecessary for the indictment to more specifically describe the money embezzled."

Like rulings have been made in other cases. Taylor v. State, 29 Texas Crim. App., 491; Smith v. State, 34 Texas Crim. Rep., 271; Thompson v. State, 35 Texas Crim. Rep., 522; Dowdy v. State, 64 S. W. Rep., 253; and other cases collated in Branch's Ann. Penal Code, Sec. 2619.

The appellant was employed by an oil company as foreman to supervise the drilling of oil wells. There was placed in his possession a quantity of casings used in drilling wells, which casings he was directed to sell and deliver the money to his employer. The evidence shows that he sold the casings for the amount mentioned in the indictment, but deposited the money to his credit in the bank and drew it out for his own use.

The appellant was entrusted by his principal with the possession of its property with authority to dispose of it, and deliver the proceeds. That the relation of principal and agent existed, we think, cannot justly become the subject of controversy. Henderson v. State, 55 Texas Crim. Rep., 643; Cowan v. State, 49 Texas Crim. Rep., 468; Smith v. State, 53 Texas Crim. Rep., 121; Adams v. State, 75 Texas Crim. Rep., 516, 172 S. W. Rep., 219.

We find nothing in the case of Miller v. State, 88 Texas Crim. Rep., 69, 225 S. W. Rep., 379, in opposition to this view, nor does that case support the contention urged by appellant that a charge on circumstantial evidence was required. The evidence was direct and uncontradicted that the appellant sold his principal's property for the sum named in the indictment and appropriated the money to his own use. In the Miller case the appropriation was a matter of inference from circumstances.

The appellant was indicted October 25th, made bond November 30th, and on the call of his case at about that time, an agreed continuance was entered and the case reset for the 10th of January following. On November 30th, appellant's counsel obtained a certified copy of the indictment from the clerk. This was in their possession at the time of the agreement to the postponement. The appellant had never been served with a copy of the indictment and presented a motion demanding that he be served with such copy.

The statute requires that when one is in custody or so soon as he be arrested after indictment, he shall be served with a certified copy of the indictment, and also provides that when he is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but "the clerk shall deliver a copy of the same to the defendant or his counsel, when requested, at the earliest possible time." In The case in hand, the appellant was not in custody when the indictment was found, but was arrested thereunder and later released on bail. A certified copy of the indictment was then delivered to the

attorney whom he had employed and who continued to represent him
throughout the trial. The appellant should have been served with a
certified copy of the indictment while he was in jail. The question is:
"Does the failure to do so, in connection with the facts stated, require
a reversal of the judgment?" We are referred to the case of Venn
v. State, 86 Texas Crim. Rep., 632, 218 S. W. Rep., 1060, in which
there was a reversal because of the failure to comply with the stat-
utes mentioned—Arts. 351 and 353, Code of Criminal Procedure. At-
tention is also directed to Revill v. State, 87 Texas Crim. Rep., 1,
218 S. W. Rep., 1044, in which a like conclusion is reached. In
neither of these cases was either the appellant or his counsel in pos-
session of a certified copy of the indictment, and the same is true in
the Brewin case, 48 Texas Crim. Rep., 51, and Holden's case, 44 Texas
Crim. Rep., 382. In these cases the mandatory character of the stat-
ute is recognized the object being "to afford the accused the oppor-
tunity of examining the indictment in order to file written pleadings"
but in them it is also recognized that the neglect or failure to comply
with the statute does not, in every case, work a reversal. Emphasis
is given to the view that the service of the indictment may be waived
in cases in which it is held that the facts were such as to constitute a
waiver. Rice v. State, 49 Texas Crim. Rep., 574; Keener v. State,
51 Texas Crim. Rep., 590; Fletcher v. State, 37 Texas Crim. Rep.,
193; Butler v. State, 38 S. W. Rep., 787.

In the Keener case, *supra,* there was very little substantial distinc-
tion between the facts supporting the waiver and those in the case be-
fore us. The controlling facts apparently were that the accused was
at large many days before he was put to trial; that in the meantime
there had been continuances, and a certified copy of the indictment
was in the possession of the attorney representing the accused. In
the case in hand, a certified copy of the indictment was delivered to
the appellant's counsel when bail was made, which was more than
forty days before the trial, and in the meantime a continuance had
been agreed to and ordered. As said in the Keener case:

"Let it be conceded that the statute is mandatory in terms, still it
must receive a reasonable construction so as to protect appellant's
rights, while at the same time not obstructing or delaying trials."

The right which the statute was designed to protect was "to demand
the nature and cause of accusation against him and have a copy there-
of. (Harris' Texas Constitution, Art. 1, Sec. 10). A copy of the
indictment accurately giving this information was in possession of his
attorney for more than a month preceding the trial. During this time,
it affirmatively appears that the appellant and his attorney conferred
about the matter and that he was advised by his attorney of the nature
of the accusation against him. According to his statement, no details
were gone into, but it is manifest that he was made aware of the fact
that the copy of the indictment was in the possession of his attorney
and that he received from him, relating thereto, all of the informa-

tion deemed requisite for the preparation of the defense. In holding that the failure to serve the appellant with a copy of the indictment, upon his demand at the time of the trial, will not work a reversal of the judgment under the facts in this case, we make no departure from the principle controlling the court in McDuff v. State, 4 Texas Crim. App., 61, wherein it is said:

"The general rule is that whatever a person can do himself, *sui juris,* he can do by an attorney. Parker v. Poole, 12 Texas, 86. And this rule unquestionably applies in cases of attorneys appointed by the court to represent a party, as well as those cases where the party employs his attorney himself. Ordinarily, the action of the attorney, as the representative of his client in the conduct of the cause, will, and should, be binding upon the client in all matters where by law the client is not specially required to act for himself. The reason and justice of this rule must, however, in the very nature of things, sometimes yield to the peculiar circumstances and surroundings of the case; and in no criminal case can the client be absolutely bound by the act of his attorney when the act is both prejudicial to his rights and in contravention of known and well-established principles of law."

McDuff was in jail. The court appointed counsel to conduct his offense. They excused themselves from doing so, first, however, specifically waiving the service upon the appellant of a copy of the indictment. Another attorney was appointed and it was held that the court was not warranted, on account of the conduct mentioned, to deny appellant's motion for service of copy of indictment preliminary to the trial. In the case before us, at the time the demand was made for service of copy of indictment, the appellant was at large and it was impossible to comply with that clause of the statute which requires that he be served with a copy while he was in jail. After he was released, the law did not require service of the indictment upon him in person, but authorized its service upon his attorney. This having been done, there was no occasion to delay the trial in order that the proceeding might be repeated.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 22, 1921.

LATTIMORE, JUDGE.—Appellant insists upon a rehearing, urging that we were wrong in upholding the action of the trial court in refusing his motion for a postponement of his trial for two days, and for service upon him of a copy of the indictment. A review of the facts in evidence convinces us of the correctness of their statement in the original opinion and of our decision regarding the law appli-

cable thereto. While our decisions have upheld the right of appellant to a compliance with the statutory direction that if he be under arrest at the time of the indictment he shall be served with a certified copy of the indictment, or if he be not then under arrest, that as soon as he is taken into custody he shall be so served, still, as has been discussed in many cases, the object of such service can only be to put the accused in possession of the indictment so that he may know the nature and character of the charge and be prepared to defend against same; and we would not feel inclined to hold, in a case in which it might be made to appear that the accused was in custody when indicted, and that thereafter he had made bond and gone to the office of the district clerk and had requested a copy of the indictment and obtained same, that when his case was called for trial, same might be postponed for two days, or that he might then make a demand for a certified copy of the indictment prepared and served upon him by the sheriff in exact compliance with the directions of Articles 551 and 552 of our Code of Criminal Procedure. In other words, we are of opinion that both the spirit and purpose of the law is complied with when it is shown that a substantial copy of the indictment is in the possession of the appellant a sufficient length of time before his case is called for trial to enable him to properly prepare his defense, and that a literal compliance with and direction that such copy of the indictment be served upon him by the sheriff, is not necessary. We are of opinion that we correctly interpreted the case of Keener v. State, discussed in the original opinion, and that it being shown to the satisfaction of the trial court that a duly certified copy of the indictment against this appellant was obtained by his counsel more than a month prior to the trial of this case and was in possession of said counsel during consultations with this appellant, would be such substantial compliance with the purpose and spirit of the law as to obviate the necessity for service upon appellant of a certified copy of the indictment demanded at the time his case was called for trial.

The question raised as to this being a case of circumstantial evidence, was sufficiently discussed in the original opinion. It was not denied that the money of his principal came into the possession of appellant and was by him deposited in his name and thereafter used by him.

Appellant insists that we overlooked, or failed to discuss his motion to require the State's attorney to make a statement such as is referred to in subdivision 3 of Article 717 of our Code of Criminal Procedure, wherein our statute directs that the prosecution state to the jury the nature of the accusation and facts which are expected to be proved. This statute has always been held directory. Holsey v. State, 24 Texas Crim. App., 35; Cannon v. State, 84 Texas Crim. Rep., 479, 208 S. W. Rep., 660; Walsh v. State, 85 S. W. Rep., 208, 211 S. W. Rep., 241. However, when facts are shown to this court which lead to the conclusion that the refusal of a request

made by the appellant that the State make such opening statement, was injurious to appellant, and we become convinced of that fact, such refusal will be held error. We do not find anything in the instant case to bring it within the exception. It would be impossible for this court to lay down any rule regarding this matter which would be of any value except that of reserving to ourselves the right to say whether injury appears from the refusal of such request. If we should say that it was reversible error not to grant such request, the question would then be raised in every case brought before us as to whether the statement made by the prosecution was sufficiently full and fair and accurate, or was oppressive, harsh and unsupported by the subsequent testimony introduced by the State. We content ourselves with saying that we think this court has gone as far in laying down the rule applicable as we feel justified in doing.

Being of opinion that the case was properly disposed of in the original opinion, the motion for rehearing is overruled.

*Overruled.*