Affirmed and Opinion filed October 24, 2002









Affirmed and Opinion filed October 24, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00799-CR

____________

 

DONOVAN CHEVILIAR ROBERTS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 339th District Court

Harris County, Texas

Trial
Court Cause No. 858,962

 



 

O
P I N I O N

Appealing
his conviction for delivery of a controlled substance (cocaine weighing less
than a gram), appellant Donovan Cheviliar Roberts
raises two issues asserting the trial court reversibly erred by denying his
motion for continuance.  We affirm.

I.  Factual and
Procedural Background








While
conducting an undercover investigation of illegal narcotics activity at a
Houston night club, Houston police officers engaged in a brief conversation
with Jason Waggoner. One of the undercover officers asked Waggoner for $40
worth of crack cocaine, and Waggoner led him to appellant and appellant=s
associate, Kendell Morgan.  When Morgan asked for payment, the undercover
officer handed $40 to Morgan.  Appellant
and Morgan drove away and then returned to the club several minutes later with
the crack cocaine.  Shortly thereafter,
uniformed police officers arrested appellant, Morgan, and Waggoner.

Appellant
was charged by indictment with the felony offense of delivery of a controlled
substance.  On the morning of his trial,
appellant was officially served with a certified copy of the indictment.  Before trial commenced, appellant=s
appointed counsel made an oral motion for continuance for ten days to prepare
for trial.  The following exchange
occurred (emphasis added):

The
Court: 
Anything for the record before we proceed? 

Ms.
Triplett [Appellant=s
Counsel]: 
Yes, Your Honor.  At this time,
Your Honor, my name is Toni Triplett.  On
behalf of the defendant, Donovan C. Roberts, I would make an objection.  As the Court is aware, this morning Mr.
Roberts was served with a certified copy of his indictment.  I=m
asking for a continuance.  Mr. Roberts
was not given an opportunity to know what the charge was against him.  He was not given an opportunity to prepare.  He has not been given ten days since the
serving of the indictment upon his person. 
And, therefore, the Defense is asking for a continuance in this
matter.  

The
Court: 
Couple of questions, Ms. Triplett. 
The defendant brought it to your attention this morning, correct, that
he had not been given a certified copy of his indictment? 

Ms.
Triplett: 
Yes, Your Honor.

The
Court: 
And the clerk discovered that that had not, in fact, been done or at
least there was no evidence that it had been served and the certified copy was
served on your client this morning? 

Ms.
Triplett: 
Yes, Your Honor.

The
Court: 
Upon his request? 

Ms.
Triplett: 
Well, upon his giving notice that he had not been served a copy of the
indictment. 








The
Court: 
Correct.  And, for the record, his
case, this particular charge, was indicted on January the 5thB

.
. .

The
Court:  --
you have been appointed to represent Mr. Roberts sometime prior to or on
November 21st of the year 2000?

Ms.
Triplett: 
Yes, Your Honor.  Yes, Your Honor.

The
Court: 
And you have been his counsel continuously from this date until now,
correct? 

Ms.
Triplett: 
Yes, Your Honor.

The
Court: 
Did your client at any time request or notify you that he had not been
formally served with a copy of that indictment? 

Ms.
Triplett: 
No, Your Honor. 

The
Court: 
All right.  And have you had an
opportunity to review the clerk=s
file and the indictment in this cause? 

Ms.
Triplett: 
Yes, Your Honor.

The
Court: 
On more than one occasion? 

Ms.
Triplett:  Yes,
Your Honor. 

The
Court: 
And the record further reflects in the Court=s
file that you have filed numerous motions, correct?

Ms.
Triplett: 
Correct, Your Honor. 

The
Court: 
And gotten rulings from the Court on them?

Ms.
Triplett: 
Yes, Your Honor. 

The
Court: 
And I assume, Ms. Triplett, that you were not precluding [sic] some type
of formal Motion to Quash in the event that you believed that there was a
problem with the indictment, correct? 

Ms.
Triplett: 
Correct, Your Honor. 

The
Court: 
All right.  And, Ms. Triplett,
absent your client=s request for
ten additional days, have you had an opportunity during the time you=ve
represented Mr. Roberts to file any and all motions that you wish filed and any
that you wish heard by the Court?

Ms.
Triplett: 
Yes, Your Honor. 

The
Court: 
Are there any additional matters that you feel that you must take up as
counsel prior to the jury being selected in this case? 








Ms.
Triplett: 
None that I=m aware of at
this time, Your Honor. 

The
Court: 
All right.  And as trial
counsel, are you ready to proceed to trial on Mr. Robert=s
[sic] case?

Ms.
Triplett:  Yes, Your Honor.

The
Court: 
And as his counsel, Ms. Triplett, have you from the first day of your
appointment to Mr. Roberts fully and fairly apprised him of the charges and the
nature of those charges against him? 

Ms.
Triplett: 
We have discussed the charges against him and the matters of evidence
that the State intends to allege in this case, Your Honor, yes. 

The
Court: 
And did you review both the complaint and the indictment once it was
rendered? 

Ms.
Triplett: 
Yes, Your Honor. 

The
Court: 
And that would have been early on in your representation, I take it? 

Ms.
Triplett: 
Yes, Your Honor. 

.
. .

The
Court:  I
don=t disagree that
Article 25.01 does not have any time requirement, and certainly that was
satisfied by him being served a certified copy this morning in court.  The request for ten days is a little more
interesting. 

.
. .

The
Court: 
All right. The State having previously referred the Court to Wright
versus State, 28 S.W.3d 526 wherein the Court of Criminal Appeals found at
least in a case of reindictment that the Court=s
failure to grant a continuance was harmless error, the Court finds, therefore,
based on the particular circumstances of this case and the defendant having
been served a certified copy earlier this morning and the fact that Counsel has
not been prejudiced in any way, apparently, by going forward and is fully ready
to try this case, your Motion for Continuance will be denied. 

Having
denied appellant=s motion for continuance, the court called the case to
trial.  The jury found appellant guilty
of the offense, and, after appellant stipulated to enhancement paragraphs
regarding two prior felony convictions, the trial court sentenced him to ten
years in the Institutional Division of the Texas Department of Criminal
Justice.








II.  Issues and Analysis

In two related issues, appellant contends (1) the trial court
erred in denying his motion for continuance because he was not served with a
certified copy of the indictment at least ten days before trial, as required
under the Texas Code of Criminal Procedure; and (2) the trial court erred when
it denied his motion for continuance because the court knew and acknowledged
this was error but denied it anyway based on the court=s
stated belief that the error would be held harmless on appeal.

We
first consider whether the trial court erred in denying the continuance when
appellant had not received the indictment within the time prescribed by the
statute.  In support of his arguments,
appellant relies on articles 25.01, 27.11, and 27.12 of the Texas Code of
Criminal Procedure.  Article 25.01
states:

In
every case of felony, when the accused is in custody, or as soon as he may be
arrested, the clerk of the court where an indictment has been presented shall immediately
make a certified copy of the same, and deliver such copy to the sheriff,
together with a writ directed to such sheriff, commanding him forthwith to
deliver such certified copy to the accused.

 

Tex. Code Crim. Proc.
Ann. art. 25.01 (Vernon
1989).  The Legislature also has recognized
that a defendant may need additional time after an amendment to an indictment
or information.  See id. art.
28.10(a).  Article 28.10(a) provides: 

After notice to the defendant, a matter of form or
substance in an indictment or information may be amended at any time before the
date the trial on the merits commences. 
On the request of the defendant, the court shall allow the defendant not
less than 10 days, or a shorter period if requested by the defendant, to
respond to the amended indictment or information.

 

Id.  Because this case did not involve an
amended indictment, the mandatory ten-day requirement of article 28.10(a) does
not apply. 








Article 27.11 provides: AIn all cases the defendant shall be
allowed ten entire days, exclusive of all fractions of a day after his arrest,
and during the term of the court, to file written pleadings.@ 
Id. art. 27.11.  Article 27.12 states:  AIn cases where the defendant is entitled to be served with a
copy of the indictment, he shall be allowed the ten days time mentioned in the
preceding Article to file written pleadings after such service.@  Id. art. 27.12. Appellant was not formally served
with a certified copy of his indictment until the day trial began.  The basis of appellant=s motion for continuance was that he
was entitled to a ten-day postponement of
trial under article 27.12.

Appellant
relies on the statement in Johnson v. State that the right to be served
with a copy of the indictment at least ten days before trial is absolute.  567 S.W.2d 214, 215 (Tex. Crim.
App. 1978).  Appellant also relies upon Oliver v. State,
646 S.W.2d 242 (Tex. Crim. App. 1983).  Both cases are
distinguishable from the facts presented by this record.  The Johnson case involved a reindictment where only six days had elapsed between the
time the grand jury returned the indictment and the day trial began.  See Johnson, 567 S.W.2d at 214.  Furthermore, in Johnson, the defendant
was never served with the actual indictment on which he was tried, and there
was no indication that the defendant=s counsel obtained a copy of this indictment or that counsel
had an adequate time to prepare for trial. 
See id. at 214B16.  In Oliver, the defendant
objected under article 27.11 when the information was dismissed, and a new
information was filed on the day of trial.  See
Oliver, 646 S.W.2d at 243B46. 


The record in the case before us shows that, although appellant did not personally receive an official copy
of the indictment until he requested one on the day of trial, his attorney
received a copy of the indictment at or near the time she was appointed to
represent him.  Appellant=s
counsel discussed the indictment with appellant long before trial was scheduled
to begin.  Moreover, nearly four months
had elapsed between the time the grand jury issued the indictment and the time
appellant=s trial commenced, which gave appellant and his counsel ample
time to prepare for trial.








The
purpose of articles 25.01, 27.11, and 27.12, sometimes collectively referred to
as the Aright
to time statutes,@ is to afford the accused or his counsel the opportunity to
carefully examine the formal accusation and to prepare and file any necessary
pleadings relating thereto.  See
Oliver, 646 S.W.2d at 245; Keener v. State, 103 S.W. 904, 906
(Tex. Crim. App. 1907) (decided under predecessor
statute to article 27.12, which was substantially similar except that defendant
was entitled to two days rather than ten). 
When an accused timely and properly invokes his rights under the
statute, the court must afford him the statutory ten days.  See Ashcraft v. State, 900
S.W.2d 817, 830 (Tex. App.CCorpus Christi 1995, pet. ref=d). However, the right to time statutes are not properly
invoked when the objectives of the statute have been achieved.[1]  See Keener, 103 S.W. at 906; Ashcraft,
900 S.W.2d at 830.  








The
Court of Criminal Appeals has held that the right to time statutes are not
properly invoked on facts similar to those in the record before us.  See Wray v. State, 232 S.W. 808, 809B10
(Tex. Crim. App. 1921); Keener, 103 S.W. at
906.  In Keener, the defendant did
not plead guilty or waive formalities of arraignment.  See Keener, 103 S.W. at 905B06.  Noting that the defendant=s
counsel had obtained a copy of the indictment approximately three months before
trial and that the defense had the opportunity to prepare all necessary motions
during a nine-month period between indictment and trial, the Keener court
stated, ALet
it be conceded that this statute is mandatory in terms, still it must receive a
reasonable construction so as to protect appellant=s
rights, while at the same time not obstructing or delaying trials.@  Id. at 906.  The defendant had voiced his objection for
the first time on the day of trial (under the predecessor statute to article
27.12), and the Court of Criminal Appeals held that his objection lacked merit
because the objectives of the statute had been achieved and because the
defendant appeared to be invoking the statute simply for delay.  See id. at 905B06.  In a subsequent case, relying on its decision
in Keener, the Court of Criminal Appeals found no error in the trial
court=s
denial of a right to time objection when (1) the defendant=s
counsel had a copy of the indictment more than forty days before trial, (2) the
defendant and his attorney had conferred about the case, and (3) the defendant=s
attorney advised him of the nature of the accusation against him.  See Wray, 232 S.W. at 810. 

Here,
appellant was not formally served with a certified copy of the indictment until
the day of trial.  Nevertheless, it is
abundantly clear from undisputed facts in the record that the objectives of
article 27.12 have been achieved.  Though
appellant=s counsel objected to the trial court=s
failure to allow appellant ten days after service of the indictment to file
pleadings, she candidly informed the trial court that she had reviewed the
indictment on several occasions and had discussed the charges with appellant
early in her representation of him. 
Despite her formal objection to the lack of statutory notice, appellant=s
counsel acknowledged that she had informed appellant of the charges against him
and that he was aware of these charges. 
More importantly, she acknowledged that she had received the indictment
at or near the time it was issued and had had sufficient time to prepare for
trial.








Neither
appellant nor his counsel requested an opportunity to file any additional
motions or pleadings.  There was no
indication at the beginning of trial that appellant was unaware of or
unfamiliar with either the nature of the charges against him or the State=s
evidence.  In fact, appellant=s
counsel, in appellant=s presence, specifically stated that she did not wish to file
any additional pleadings and was ready to proceed with trial.  Appellant 
then pleaded not guilty to the indictment.  Under these circumstances, appellant=s
complaint under article 27.12 of the Texas Code of Criminal Procedure has no
merit, and the trial court did not err in denying appellant=s
motion for continuance.  See Wray,
232 S.W. at 809B10;  Keener, 103
S.W. at 905B06; Tatmon v. State,
786 S.W.2d 523, 524B26 (Tex.
App.CAustin 1990) (holding trial court did
not err in overruling right to time objection when defendant=s attorney obtained a copy of the
indictment, had more than ten days to prepare for trial, filed various pretrial
motions, and discussed the indictment with defendant), aff=d on other grounds, 815 S.W.2d 588 (Tex. Crim. App. 1991).  Accordingly, we overrule appellant=s
first issue.

In
appellant=s second issue, appellant complains that the trial court erred
in its ruling because, rather than sustain a valid objection, the court denied
his motion for continuance based on a prospective harm analysis.  Appellant claims the trial court should not
have acted on the assumption that the appellate court would find the error
harmless; instead, appellant argues, the trial court should have sustained
appellant=s objection and granted his motion for continuance.  Having already determined that appellant=s
first issue is without merit and that the trial court did not err either by
denying appellant=s motion for continuance or by overruling appellant=s
objection, we need not address as a separate and independent matter whether the
trial court erred in stating its underlying analysis and rationale for its
decision.

Accordingly, we overrule both of appellant=s
issues and affirm the trial court=s
judgment.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment rendered and Opinion filed
October 24, 2002.

Panel consists of Chief Justice Brister
and Justices Anderson and Frost.

Publish C Tex. R. App. P.
47.3(b).

 

 











[1]  In
Ashcraft, the defendant complained to the trial court that he was
not served with the indictment ten days before trial.  See Ashcraft, 900 S.W.2d
at 830.  The Ashcraft court held
that the defendant=s invocation of
article 27.12 had no merit because the defendant had waived the formalities of
arraignment and because the defendant had received adequate time to prepare his
defense and to file any necessary pleadings. 
See id.  About six months
had elapsed between the indictment and his trial date.  During that time, the defendant filed motions
to suppress, and both he and his counsel had an opportunity to carefully
examine the accusation.  See id.  The defendant in Ashcraft waived
formalities of arraignment, making the facts of that case somewhat different
from those here and in Keener and Wray.  Nonetheless, the reasoning and holding of Ashcraft
are consistent with the decisions of the Court of Criminal Appeals in Keener
and Wray.