Donovan Cheviliar **ROBERTS**,
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 14–01–00799–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 24, 2002.

Discretionary Review Refused
March 5, 2003.

Kyle B. Johnson, Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

**OPINION**

KEM THOMPSON FROST, Justice.

Appealing his conviction for delivery of a controlled substance (cocaine weighing less than a gram), appellant Donovan Cheviliar

Roberts raises two issues asserting the trial court reversibly erred by denying his motion for continuance. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While conducting an undercover investigation of illegal narcotics activity at a Houston night club, Houston police officers engaged in a brief conversation with Jason Waggoner. One of the undercover officers asked Waggoner for $40 worth of crack cocaine, and Waggoner led him to appellant and appellant's associate, Kendell Morgan. When Morgan asked for payment, the undercover officer handed $40 to Morgan. Appellant and Morgan drove away and then returned to the club several minutes later with the crack cocaine. Shortly thereafter, uniformed police officers arrested appellant, Morgan, and Waggoner.

Appellant was charged by indictment with the felony offense of delivery of a controlled substance. On the morning of his trial, appellant was officially served with a certified copy of the indictment. Before trial commenced, appellant's appointed counsel made an oral motion for continuance for ten days to prepare for trial. The following exchange occurred (emphasis added):

> The Court: Anything for the record before we proceed?
>
> Ms. Triplett [Appellant's Counsel]: Yes, Your Honor. At this time, Your Honor, my name is Toni Triplett. On behalf of the defendant, Donovan C. Roberts, I would make an objection. As the Court is aware, this morning Mr. Roberts was served with a certified copy of his indictment. I'm asking for a continuance. Mr. Roberts was not given an opportunity to know what the charge was against him. He was not given an opportunity to prepare. He has not been given ten days since the serving of the indictment

> upon his person. And, therefore, the Defense is asking for a continuance in this matter.
>
> The Court: Couple of questions, Ms. Triplett. The defendant brought it to your attention this morning, correct, that he had not been given a certified copy of his indictment?
>
> Ms. Triplett: Yes, Your Honor.
>
> The Court: And the clerk discovered that that had not, in fact, been done or at least there was no evidence that it had been served and the certified copy was served on your client this morning?
>
> Ms. Triplett: Yes, Your Honor.
>
> The Court: Upon his request?
>
> Ms. Triplett: Well, upon his giving notice that he had not been served a copy of the indictment.
>
> The Court: Correct. And, for the record, his case, this particular charge, was indicted on January the 5th—
>
> . . .
>
> The Court: —you have been appointed to represent Mr. Roberts sometime prior to or on November 21st of the year 2000?
>
> Ms. Triplett: Yes, Your Honor. Yes, Your Honor.
>
> The Court: And you have been his counsel continuously from this date until now, correct?
>
> Ms. Triplett: Yes, Your Honor.
>
> The Court: Did your client at any time request or notify you that he had not been formally served with a copy of that indictment?
>
> Ms. Triplett: No, Your Honor.
>
> The Court: All right. And have you had an opportunity to review the clerk's file and the indictment in this cause?
>
> Ms. Triplett: Yes, Your Honor.
>
> The Court: On more than one occasion?
>
> Ms. Triplett: Yes, Your Honor.

The Court: And the record further reflects in the Court's file that you have filed numerous motions, correct?

Ms. Triplett: Correct, Your Honor.

The Court: And gotten rulings from the Court on them?

Ms. Triplett: Yes, Your Honor.

The Court: And I assume, Ms. Triplett, that you were not precluding [sic] some type of formal Motion to Quash in the event that you believed that there was a problem with the indictment, correct?

Ms. Triplett: Correct, Your Honor.

The Court: All right. And, Ms. Triplett, absent your client's request for ten additional days, *have you had an opportunity during the time you've represented Mr. Roberts to file any and all motions that you wish filed and any that you wish heard by the Court?*

Ms. Triplett: Yes, Your Honor.

The Court: Are there any additional matters that you feel that you must take up as counsel prior to the jury being selected in this case?

Ms. Triplett: None that I'm aware of at this time, Your Honor.

The Court: All right. *And as trial counsel, are you ready to proceed to trial on Mr. Robert's [sic] case?*

Ms. Triplett: *Yes, Your Honor.*

The Court: And as his counsel, Ms. Triplett, have you from the first day of your appointment to Mr. Roberts fully and fairly apprised him of the charges and the nature of those charges against him?

Ms. Triplett: We have discussed the charges against him and the matters of evidence that the State intends to allege in this case, Your Honor, yes.

The Court: And did you review both the complaint and the indictment once it was rendered?

Ms. Triplett: Yes, Your Honor.

The Court: And that would have been early on in your representation, I take it?

Ms. Triplett: Yes, Your Honor.

. . .

The Court: I don't disagree that Article 25.01 does not have any time requirement, and certainly that was satisfied by him being served a certified copy this morning in court. The request for ten days is a little more interesting.

. . .

The Court: All right. The State having previously referred the Court to Wright versus State, 28 S.W.3d 526 wherein the Court of Criminal Appeals found at least in a case of reindictment that the Court's failure to grant a continuance was harmless error, the Court finds, therefore, based on the particular circumstances of this case and the defendant having been served a certified copy earlier this morning and the fact that Counsel has not been prejudiced in any way, apparently, by going forward and is fully ready to try this case, your Motion for Continuance will be denied.

Having denied appellant's motion for continuance, the court called the case to trial. The jury found appellant guilty of the offense, and, after appellant stipulated to enhancement paragraphs regarding two prior felony convictions, the trial court sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice.

## II. Issues and Analysis

In two related issues, appellant contends (1) the trial court erred in denying his motion for continuance because he was not served with a certified copy of the indictment at least ten days before trial, as required under the Texas Code of Criminal Procedure; and (2) the trial court

erred when it denied his motion for continuance because the court knew and acknowledged this was error but denied it anyway based on the court's stated belief that the error would be held harmless on appeal.

We first consider whether the trial court erred in denying the continuance when appellant had not received the indictment within the time prescribed by the statute. In support of his arguments, appellant relies on articles 25.01, 27.11, and 27.12 of the Texas Code of Criminal Procedure. Article 25.01 states:

> In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused.

TEX.CODE CRIM. PROC. ANN. art. 25.01 (Vernon 1989). The Legislature also has recognized that a defendant may need additional time after an amendment to an indictment or information. *See id.* art. 28.10(a). Article 28.10(a) provides:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

*Id.* Because this case did not involve an amended indictment, the mandatory ten-day requirement of article 28.10(a) does not apply.

Article 27.11 provides: "In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." *Id.* art. 27.11. Article 27.12 states: "In cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the ten days time mentioned in the preceding Article to file written pleadings after such service." *Id.* art. 27.12. Appellant was not formally served with a certified copy of his indictment until the day trial began. The basis of appellant's motion for continuance was that he was entitled to a ten-day postponement of trial under article 27.12.

Appellant relies on the statement in *Johnson v. State* that the right to be served with a copy of the indictment at least ten days before trial is absolute. 567 S.W.2d 214, 215 (Tex.Crim.App.1978). Appellant also relies upon *Oliver v. State,* 646 S.W.2d 242 (Tex.Crim.App.1983). Both cases are distinguishable from the facts presented by this record. The *Johnson* case involved a reindictment where only six days had elapsed between the time the grand jury returned the indictment and the day trial began. *See Johnson,* 567 S.W.2d at 214. Furthermore, in *Johnson,* the defendant was never served with the actual indictment on which he was tried, and there was no indication that the defendant's counsel obtained a copy of this indictment or that counsel had an adequate time to prepare for trial. *See id.* at 214–16. In *Oliver,* the defendant objected under article 27.11 when the information was dismissed, and a new information was filed on the day of trial. *See Oliver,* 646 S.W.2d at 243–46.

The record in the case before us shows that, although appellant did not personally receive an official copy of the indictment until he requested one on the day of trial, his attorney received a copy of the indictment at or near the time she was appoint-

ed to represent him. Appellant's counsel discussed the indictment with appellant long before trial was scheduled to begin. Moreover, nearly four months had elapsed between the time the grand jury issued the indictment and the time appellant's trial commenced, which gave appellant and his counsel ample time to prepare for trial.

The purpose of articles 25.01, 27.11, and 27.12, sometimes collectively referred to as the "right to time statutes," is to afford the accused or his counsel the opportunity to carefully examine the formal accusation and to prepare and file any necessary pleadings relating thereto. *See Oliver*, 646 S.W.2d at 245; *Keener v. State*, 51 Tex. Crim. 590, 103 S.W. 904, 906 (1907) (decided under predecessor statute to article 27.12, which was substantially similar except that defendant was entitled to two days rather than ten). When an accused timely and properly invokes his rights under the statute, the court must afford him the statutory ten days. *See Ashcraft v. State*, 900 S.W.2d 817, 830 (Tex.App.-Corpus Christi 1995, pet. ref'd). However, the right to time statutes are not properly invoked when the objectives of the statute have been achieved.[1] *See Keener*, 103 S.W. at 906; *Ashcraft*, 900 S.W.2d at 830.

The Court of Criminal Appeals has held that the right to time statutes are not properly invoked on facts similar to those in the record before us. *See Wray v. State*, 89 Tex.Crim. 632, 232 S.W. 808, 809–10 (1921); *Keener*, 103 S.W. at 906. In *Keener*, the defendant did not plead guilty or waive formalities of arraignment. *See Keener*, 103 S.W. at 905–06. Noting that the defendant's counsel had obtained a copy of the indictment approximately three months before trial and that the defense had the opportunity to prepare all necessary motions during a nine-month period between indictment and trial, the *Keener* court stated, "Let it be conceded that this statute is mandatory in terms, still it must receive a reasonable construction so as to protect appellant's rights, while at the same time not obstructing or delaying trials." *Id.* at 906. The defendant had voiced his objection for the first time on the day of trial (under the predecessor statute to article 27.12), and the Court of Criminal Appeals held that his objection lacked merit because the objectives of the statute had been achieved and because the defendant appeared to be invoking the statute simply for delay. *See id.* at 905–06. In a subsequent case, relying on its decision in *Keener*, the Court of Criminal Appeals found no error in the trial court's denial of a right to time objection when (1) the defendant's counsel had a copy of the indictment more than forty days before trial, (2) the defendant and his attorney had conferred about the case, and (3) the defendant's attorney advised him of the nature of the accusation against him. *See Wray*, 232 S.W. at 810.

Here, appellant was not formally served with a certified copy of the indictment until the day of trial. Nevertheless, it is

---

1. In *Ashcraft,* the defendant complained to the trial court that he was not served with the indictment ten days before trial. *See Ashcraft,* 900 S.W.2d at 830. The *Ashcraft* court held that the defendant's invocation of article 27.12 had no merit because the defendant had waived the formalities of arraignment and because the defendant had received adequate time to prepare his defense and to file any necessary pleadings. *See id.* About six months had elapsed between the indictment and his trial date. During that time, the defendant filed motions to suppress, and both he and his counsel had an opportunity to carefully examine the accusation. *See id.* The defendant in *Ashcraft* waived formalities of arraignment, making the facts of that case somewhat different from those here and in *Keener* and *Wray.* Nonetheless, the reasoning and holding of *Ashcraft* are consistent with the decisions of the Court of Criminal Appeals in *Keener* and *Wray.*

abundantly clear from undisputed facts in the record that the objectives of article 27.12 have been achieved. Though appellant's counsel objected to the trial court's failure to allow appellant ten days after service of the indictment to file pleadings, she candidly informed the trial court that she had reviewed the indictment on several occasions and had discussed the charges with appellant early in her representation of him. Despite her formal objection to the lack of statutory notice, appellant's counsel acknowledged that she had informed appellant of the charges against him and that he was aware of these charges. More importantly, she acknowledged that she had received the indictment at or near the time it was issued and had had sufficient time to prepare for trial.

Neither appellant nor his counsel requested an opportunity to file any additional motions or pleadings. There was no indication at the beginning of trial that appellant was unaware of or unfamiliar with either the nature of the charges against him or the State's evidence. In fact, appellant's counsel, in appellant's presence, specifically stated that she did not wish to file any additional pleadings and was ready to proceed with trial. Appellant then pleaded not guilty to the indictment. Under these circumstances, appellant's complaint under article 27.12 of the Texas Code of Criminal Procedure has no merit, and the trial court did not err in denying appellant's motion for continuance. *See Wray,* 232 S.W. at 809–10; *Keener,* 103 S.W. at 905–06; *Tatmon v. State,* 786 S.W.2d 523, 524–26 (Tex.App.-Austin 1990) (*holding trial court did not err in overruling right to time objection when defendant's attorney obtained a copy of the indictment, had more than ten days to prepare for trial, filed various pretrial motions, and discussed the indictment with defendant*), *aff'd on other grounds,* 815

S.W.2d 588 (Tex.Crim.App.1991). Accordingly, we overrule appellant's first issue.

In appellant's second issue, appellant complains that the trial court erred in its ruling because, rather than sustain a valid objection, the court denied his motion for continuance based on a prospective harm analysis. Appellant claims the trial court should not have acted on the assumption that the appellate court would find the error harmless; instead, appellant argues, the trial court should have sustained appellant's objection and granted his motion for continuance. Having already determined that appellant's first issue is without merit and that the trial court did not err either by denying appellant's motion for continuance or by overruling appellant's objection, we need not address as a separate and independent matter whether the trial court erred in stating its underlying analysis and rationale for its decision.

Accordingly, we overrule both of appellant's issues and affirm the trial court's judgment.