JAMES McFADIN v. THE STATE.

No. 2592. Decided February 11, 1903.

**Defendant's Right to Two Entire Days After Arrest to File Pleadings.**

When a prosecution is commenced, but is dismissed, and a new complaint and information are filed, it is a new case, and defendant after his arrest thereunder is entitled, under article 567, Code of Criminal Procedure, to two entire days within which to file written pleadings. The statute is mandatory.

Appeal from the County Court of Somervell. Tried below before Hon. J. G. Adams, County Judge.

Appeal from a conviction of aggravated assault and battery; penalty, a fine of $50 and one month's imprisonment in the county jail.

No statement necessary.

*Martin & George,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault and battery, and fined $50, and given one month in the county jail.

The only question we deem necessary to be considered is the first bill of exceptions, which is to the effect: "The complaint and information were filed, and defendant arrested, and the trial commenced, on the 8th

day of August, 1902, and that thereafterwards, on the same day, and within one hour of the time of the filing of the same, the case was called by the court for announcements; and the State, by her counsel, announced 'Ready,' whereupon the court demanded that the defendant announce. Defendant asked and demanded of the court that he be allowed two full days in which to file written pleadings before being called upon to announce, which request and demand the court in all things refused and denied, and required defendant to announce then, to all of which action of the court defendant excepted." The court appends the following explanation to the bill: "On the 15th day of June, 1902, complaint was made against defendant, charging him with aggravated assault upon S. N. Parham on June 14, 1902, and said complaint was filed and the cause docketed on the County Court docket of Somervell County as No. 591. The defendant was arrested under said complaint on the 16th day of June, 1902, and gave bond for his appearance before this court, which convened August 4, 1902. By agreement with defendant's attorneys and the county attorney, said cause was set for trial on August 8th. On said day the county attorney filed a new complaint and information, covering the same transaction as the old one, but the information contained two additional counts, but all relating to the same transaction, but simply charging different methods of committing the same assault. The State announced 'Ready' under the new complaint and information. Under the foregoing facts I did not think that the defendant had any right to two days notice of the new papers filed, when that was the only grounds of postponement urged." Article 567, Code Criminal Procedure, provides, "In all cases the defendant shall be allowed two entire days, exclusive of all fractions of a day, after his arrest and during the term of the court to file written pleadings." This statute is mandatory, and applies in all cases; and it is not necessary for the appellant to make known to the court what character of written pleadings he may desire to present, or that he desires to present any written pleadings. The statute is intended to afford him the opportunity to prepare for trial, to examine the legal questions involved in the case, and to determine whether any pleadings are necessary, and decide upon his course as to the trial. Evans v. State, 36 Texas Crim. Rep., 32; Whitesides v. State, ante, p. 410. When the prosecution was dismissed, and new complaint and information filed, it becomes a new case in court. This is especially true in view of the statement in the bill of exceptions that there were additional counts in the information than those contained in the previous information. However, we do not think this would make any difference, but appellant would be entitled to the two days, under the statute, under any conditions. Therefore it follows that the trial court erred in not extending this statutory rule to appellant when requested.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*