## FRANK MARTIN v. THE STATE.

### No. 3986. Decided October 28, 1908.

**1.—Theft—Continuance—Bill of Exceptions.**

Alleged error in overruling a motion for continuance will not be noticed or revised in the Appellate Court in the absence of a bill of exceptions to the ruling of the court refusing such continuance.

**2.—Same—Two Days' Notice—Written Pleadings.**

While the law gives the defendant two days in which to prepare and file written pleadings, still, where he does not claim this right, and no exception is reserved to the court's action in overruling a motion to postpone or continue, the same can not be considered on appeal.

Appeal from the County Court of Rains. Tried below before the Hon. W. H. Clendenin.

Appeal from a conviction for misdemeanor theft; penalty, a fine of $1 and ten days imprisonment in the county jail.

The opinion states the case.

*W. W. Berzett,* for appellant.

*F. J. McCord,* Assistant Attorney-General for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with misdemeanor theft, and convicted. Motion for new trial was granted on account of defective pleadings. New pleadings being filed appellant was immediately arrested and placed upon a second trial and again convicted.

He filed a motion to postpone the case, or rather a motion for a continuance. The substance of the motion is that the case was called for trial the same day upon which the pleadings were filed and the same day appellant was arrested; that he had no time to procure process for witnesses; that he has a good defense to the prosecution if he had time to have it before the court; that the defendant ought not to be forced to announce in a cause the same day an affidavit and information is filed; that the law does not contemplate that he should be called upon to announce on that date, and that his rights would be jeopardized if he should be forced to announce and that there are a number of witnesses defendant desires that he may make his defense. It may be noted in the first place that a bill of exceptions was not reserved to the ruling of the court refusing to continue the case. This, legally,

would dispose of the question. Alleged error in overruling a motion for continuance will not be noticed or revised in the Appellate Court in the absence of a bill of exceptions reserved to the ruling of the court refusing such continuance. This rule has been adhered to in this State without intermission. Appellant contends that the filing of the second affidavit and information constituted a new case. This position is unquestionably correct under all the cases in Texas, so far as we are aware. The question is not a novel one. The law gives the defendant the opportunity of preparing himself for trial if claimed in a legal manner. The application itself would not be sufficient. Who the witnesses were or what could be proved by them is not stated. It will be observed that this appellant did not claim or undertake to claim the right to have two days allowed him in which to prepare and file written pleadings. Even if his motion would apply to that statute, his exception was not reserved. The record does not contain a statement of facts and as it presents the case, we are unable to review this supposed erroneous ruling of the trial court.

The judgment must, therefore, be affirmed and it is accordingly ordered.

*Affirmed.*

Ramsey, Judge, absent.