## SAM SPICER V. STATE.

### No. 2317.   Decided February 26, 1913.

**1.—Burglary—Continuance—Immaterial Testimony.**

Where defendant's application for continuance stated no fact that he expected to prove by the absent witnesses which could or would have been a defense to the offense charged, there was no error in overruling the motion for continuance.

**2.—Same—Copy of Indictment—Service—Waiver.**

While Article 546, Code Criminal Procedure, provides that defendant shall be entitled to two days after service of copy of indictment to prepare for trial, such right can be waived by the defendant, and where he did so, there was no error in forcing him to trial before that time; besides, it is too late to make this contention after verdict.   Following Richardson v. State, 7 Texas Crim. App., 486.

**3.—Same—Evidence—Declarations by Defendant.**

Where, upon trial of burglary, the State introduced in evidence the declarations of the defendant before a justice of the peace as a witness by which he admitted that he sold the alleged stolen property to the party in whose possession it was found, there was no error, it appearing that defendant, at that time, was not under arrest and that no complaint had been filed against him for the offense for which he was being tried.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Louis S. Wise,* for appellant.—On question of defendant's confessions and declarations: Gilder v. State, 33 S. W. Rep., 867; Twiggs v. State, 75 S. W. Rep., 531; Bain v. State, 74 S. W. Rep., 542; Crowder v. State, 11 S. W. Rep., 835; Walker v. State, 12 S. W. Rep., 503; Kirby v. State, 5 S. W. Rep., 165; People v. McMahan, 15 N. Y., 384; Com. v. Knapp, 9 Pick., 495; Fry v. State, 58 Texas Crim. Rep., 169; 124 S. W. Rep., 920.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of admitting defendant's voluntary statements: Dill v. State, 35 Texas Crim. Rep., 240.

HARPER, JUDGE.—In this case an indictment was returned against appellant by the grand jury of Taylor county, charging him with burglary on the morning of the 31st day of August.   He was arrested on that day, and served with a copy of the indictment.   It appears from the record that he was carried into open court on that afternoon, and an attorney appointed to represent him.   The record discloses that on Saturday evening at this time, as appellant was in jail, the case was set for trial on the following Monday, the court stating that appellant waived the two days he is allowed by law to

prepare for trial. When the case was called for trial on Monday, the attorney who had been appointed by the court, filed the following motion: "The defense in the case of The State of Texas v. Sam Spicer, hereby files this his motion for a continuance, for the following reasons, towit: (1) That the defendant was arraigned Saturday afternoon and furnished with a copy of the indictment and counsel appointed to defend him, and that on Monday morning, the case was called for trial and the defense has failed to collect proper evidence owing to the lack of time. That the defense believes and has reason to believe that if proper time is given, he will be able to secure witnesses and for this the defense asks that the case be continued." The court overruled this motion, one of the grounds for so doing being that appellant had waived the two days allowed by law, and the case set for trial on this day at his request. Appellant then moved to continue the case on account of the absence of Mr. Adams and Cleve Spicer, stating that he expected to prove by the witnesses. If the facts stated that he expected to prove by these two witnesses would have been any defense to the accusation against him, we would be inclined to hold that the court should have postponed the case until the presence of these witnesses could have been obtained, but if the witnesses had sworn to the facts stated in the application, it would have been no defense, as we read the record. It appears from the record that the barn of appellant's father, R. Spicer, was broken open at night, and some sacks of oats stolen. The next morning Mr. Spicer missed the oats and traced some wagon tracks to the barn of George Combs; there he found four sacks of oats which he says he recognized as the oats stolen from his barn by the way the sacks were sewn; the wagon standing by the barn had loose oats in the bed. George Combs testified he bought these oats from appellant. Appellant at an examining trial admitted he sold these oats to Combs, and had hauled them to Combs' place in this wagon. Appellant's father testified that appellant did not live with him, and had no right to go into his barn and take his oats. In the application for a continuance it is stated it is expected to be proven by Mr. Adams that he had also missed some oats, and oats were stolen from him on the night that Mr. Spicer lost his oats. As the application does not state that Mr. Adams could or would identify the oats found in Combs' barn as his oats, and the record discloses that Mr. Spicer does positively identify the oats found as his oats, the facts that Adams would testify he had oats stolen from him would present no defense to this accusation. It is nowhere stated that it was expected to be proven that the oats were in fact Adams' oats. By the witness Cleve Spicer it is stated it is expected to be proven that "Mr. R. Spicer had never told defendant that he did not have permission to come on his premises." As Cleve Spicer did not live with R. Spicer, it is incomprehensible to us as to how he could testify that R. Spicer "had never told appellant he did not have permission to come on the

premises." But suppose he had never told appellant not to come on the premises, as appellant was not living with R. Spicer, nor working for him, this would not authorize him to go on the premises in the night time, break into his barn and steal oats, if he did do so. Consequently no fact stated that he expected to prove by these witnesses could or would have been any defense to the burglary of the barn, and we can not say that the court erred in the matter.

While in the brief in this court it is urged that appellant had not been served with a copy of the indictment for two days when tried, and we are asked to reverse the case for that reason, yet in the motion for a continuance, filed in the trial court, this ground is not urged. We suppose the reason why it was not urged at that time was because of the waiver of appellant, and the request that the court says he made to have the case set for trial on Monday. In Richardson's Case, 7 Texas Crim. App., 486, it is held that after verdict, it is too late to make this contention, and Article 546 of the Code of Criminal Procedure provides that he shall be entitled to two days after service of copy of indictment, unless the right to such copy *or to such delay be waived.* In this case as the record discloses that the time was waived, no error is presented.

In another bill it is made to appear that when R. Spicer found the oats he claimed in George Combs' barn, he at once reported it to the justice of the peace, and sued out a search warrant, and a warrant was issued for George Combs. Mr. Whaley, a deputy sheriff, arrested George Combs and while on the way to the justice's office he told Mr. Whaley he had purchased the oats from appellant. On the way to the justice's office they met appellant, and when he was asked if he sold Combs any oats he first said, "no," and then laughingly remarked he might have done so. The deputy sheriff then asked appellant to go to the justice's office with them. No complaint was ever filed against appellant, but a hearing was had and George Combs was bound over to await the action of the grand jury. At this hearing appellant testified, and testified that he had sold George Combs four sacks of oats, but declined to say where he had obtained the oats, saying that before delivering the oats to Combs he had them hid on the creek north of town. That he got a horse out of a pasture, hitched it to the wagon, and carried the oats to Combs, and Combs had paid him for them. The grand jury, however, when considering the case indicted appellant and did not indict Combs. Appellant objected to his statements made at the hearing in justice court being introduced in evidence against him. As the record discloses that no complaint was ever filed in the justice court against him, that he was never arrested charged with this offense until after indictment was found, Deputy Sheriff Whaley testifying that appellant was not placed under arrest, and nothing was said that could or would lead him to believe that he was under arrest, and in fact no complaint on this charge was made against appellant until after the grand jury

returned the bill of indictment and he was not arrested until after indictment found, consequently the statements made by appellant were admissible in evidence.

The judgment is affirmed.

*Affirmed.*