## TOM QUALLS v. THE STATE.

### No. 2531. Denied June 18, 1913.

**1.—Abandonment — Seduction – Marriage — Indictment — Constitutional Law.**

Upon trial of abandonment after seduction and marriage, there was no error in overruling a motion to quash the indictment on the ground that the law was unconstitutional. Following Thacker v. State, 62 Texas Crim. Rep., 294.

**2.—Same—Indictment—Woman—Words and Phrases—Misspelling.**

Where the indictment, upon trial of abandonment, etc., by a half dozen different allegations charged that the prosecutrix was a female, the misspelling of the word, "woman," in one place of the indictment would not render the same defective. Following Bailey v. State, 63 Texas Crim. Rep., 584.

**3.—Same—Indictment—Pleading.**

Upon trial of abandonment after seduction and marriage, the indictment was not defective because in addition to alleging that defendant unlawfully abandoned his wife, it could have alleged that he refused to live with her, as either of the methods of abandonment named in the law is sufficient.

**4.—Same—Variance—Pleading—Proof—Charge of Court—Jurisdiction.**

Where the indictment alleged that defendant unlawfully abandoned his wife after seduction and marriege, proof that he refused to live with her could not be made, it not being alleged, especially, where this matter involved the jurisdiction of the court; and this issue should have been submitted to the jury as requested.

**5.—Same—Evidence—Opinion of Witness.**

While it was permissible to contradict defendant's witness with reference to the declarations of his wife, yet opinion testimony was not admissible.

**6.—Same—Evidence—Contradicting Witness.**

Where, upon trial of abandonment after seduction and marriage defendant testified that he was informed by his father that defendant's wife had quit him, etc., and each side was contending to show that the other was in wrong in quitting, it was error to refuse to permit said father to testify that he had so told the defendant.

**7.—Same—Evidence—Husband and Wife.**

The abandonment statute specifically authorized the wife who has been abandoned to testify, and there was no error in permitting her to do so.

**8.—Same—Secondary Evidence—Letter.**

In order to admit the contents of a letter, it must be shown that the same can not be procured, etc.

**9.—Same—Indictment—Pleading—Jurisdiction.**

See opinion suggesting that the district attorney secure another indictment so as to meet the question of jurisdiction.

Appeal from the District Court of Coryell. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of abandonment; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*S. P. Sadler,* for appellant.—On question of insufficiency of indictment: Evans v. State, 34 Texas Crim. Rep., 110; State v. Williamson, 43 Texas, 500; Mathews v. State, 39 Texas Crim. Rep., 553; Hawkins v. State, 64 Texas Crim. Rep., 480, 142 S. W. Rep., 917; State v. Griffin, 155 S. W. Rep., 432, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, and *J. R. McClellan* and *Clay McClellan,* for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was prosecuted and convicted of abandonment after seduction and marriage.

Appellant filed a motion to quash the indictment on three grounds, the first being that the law is unconstitutional. We discussed this question so thoroughly in the case of Thacker v. State, 62 Texas Crim. Rep., 294, we do not deem it necessary to discuss the question again, and hold that the court did not err in overruling the motion to quash on that ground. The second ground is that the indictment where it was intended to use the word "woman" only the letters "wom" appear. Appellant cites us to the case of Jones v. State, 25 Texas Crim. App., 621, in which the indictment was quashed because the word "appropriate" was misspelled, but did not refer us to the later case of Francis v. State, 44 Texas Crim. Rep., 246, where the same word was again misspelled, and the court held this did not vitiate the indictment. He also cites us to the case of Wells v. State, 50 Texas Crim. Rep., 499, 98 S. W. Rep., 851, in which the word "fraudulently" was misspelled by placing the letter "a" before "r" in "fraud," but he failed to cite us to the case of Earp v. State, 41 Texas, 487, where the letter "u" was entirely omitted in spelling "fraud" and yet the indictment held good. We could take up the case cited by appellant and cite cases almost similar where similar words misspelled have been held not to vitiate the indictment, if by reading the entire instrument its meaning was made clear, plain and unmistakable, and the misspelled word in no sense rendered the meaning obscure, nor the meaning changed. In the recent case of Bailey v. State, 63 Texas Crim. Rep., 584, 141 S. W. Rep., 224, this question was discussed at length and authorities cited, announcing the true and correct rule under our Code of Criminal Procedure. In the indictment in this case by a half dozen different allegations it is alleged that she was a female, and the misspelling of the word "woman" in one place would not render the indictment fatally defective. The third and last ground in the motion contends that in addition to alleging that defendant unlawfully abandoned his wife, it should also have been charged that "he

refused to live with her; that he was so cruel to her as to compel her to leave him; that he was guilty of such outrages and cruelties towards her as to make their living together insupportable, thereby causing her or forcing her to leave him and live apart from each other." The statute by using these different methods was but stating the different ways the offense could be committed. Of course, the pleader by using the conjunction "and" could have charged the offense to have been committed in all the ways denounced by the statute, or he could have selected either of the methods named, and in this case did select the first method, alleging that appellant had abandoned his wife, and the court did not err in overruling the motion to quash the indictment. However, in selecting that method and alleging that the offense was committed by appellant abandoning her, he would not be permitted to secure a conviction if the offense was committed in either of the other ways denounced by the statute, but not included in the indictment. In this case if the pleader in drawing the indictment had alleged that he committed the offense by "refusing to live with the woman he had seduced and married," there could be no question that the District Court of Coryell County had jurisdiction of the offense, but as the indictment only alleged the offense to have been committed by appellant abandoning her, then the place where he did in fact abandon her would have jurisdiction of the offense. The pleader having elected to charge only this mode and method of committing the offense, then it must be proven as alleged, and the abandonment must be shown to have taken place in Coryell County. The State in its brief virtually admits that the evidence raises the issue as to whether appellant committed the act of abandonment in Oklahoma or in Coryell County, and seeks to sustain the indictment under those provisions of the Code which give jurisdiction of an offense when committed partly in this State and partly without the State in any county where the offender may be found, and this contention would be sound had the State in its indictment alleged that the offense was committed by appellant refusing to live with his wife, or that he was guilty of such cruelties and outrages towards her as to make their living together insupportable, etc. But it did not elect to charge the offense to have been committed in either of these ways, and rested its case solely on the allegation that he had abandoned her. Appellant's contention is that he never at any time abandoned his wife, but that she abandoned him; that he did not make up his mind to not live with her until his father told him she had said she was coming to Coryell County for the purpose of sending him to the penitentiary, and that he then decided to not live with her longer. The State's case is that Mrs. Qualls was informed in Oklahoma that her husband had abandoned her, and that was the reason and occasion for her making the remark that she was coming back to Coryell County and send him to the penitentiary, and supports this theory by other testimony in addition to that of the wife. Under such circumstances the place of abandonment was a serious issue in the case, and at the request of appellant

should have been submitted to the jury under the allegations contained in this indictment. The court's refusal to give the special charge is emphasized in the charge as given by instructing the jury to convict appellant if he did refuse to live with her, there being no such allegation in the indictment in this case. It is always error to authorize a conviction for an offense in a way and manner not charged in the indictment. It may be and is true in this instance, that if the indictment had alleged that the offense was committed in that method and manner, a conviction would be sustained, but the indictment not containing such allegations, this part of the charge of the court should not have been given, and the issue as to whether or not the abandonment took place in Coryell County should have. been submitted to the jury.

Appellant has many bills of exception in the transcript, but we do not deem it necessary to discuss all of them in view of the reversal of the case, but only such as present error. Appellant took the depositions of his uncle, B. L. Qualls, who resides in Oklahoma, and this witness testified that appellant had always treated his wife well, and that when appellant's wife left Oklahoma she said "she was coming to Texas and send appellant to the penitentiary." Appellant proving that fact, then it was permissible for the State to prove the occasion for the reason why the remark was made, and that was that he, the witness B. L. Qualls, had told Mrs. Tom Qualls (appellant's wife) that appellant was not coming back to Oklahoma; that he would give her $250 if she would leave appellant and let him·get a divorce, and if she did not do so appellant would leave her anyway at the end of two years, but it was not permissible to interrogate this witness as to whether he, witness, had told her, Mrs. Tom Qualls, that she was too good for Tom (appellant). This may have been the opinion of the witness B. L. Qualls, but it was not admissible as against appellant, and when the witness denied making the statement, "that she was too good for Tom," it was not permissible to prove by the witness Johnson that he heard B. L. Qualls did say so.

When appellant had testified that he was informed by his father that his wife had quit him and had said she was coming back to Coryell County to send him to the penitentiary, it was error to refuse to permit the father to testify that he had so told his son. Each was contending that the other had done the quitting, and while the State's testimony would authorize the jury to find that appellant was wholly in the wrong, yet such legitimate testimony as he desired to offer.in support of his theory of the case should have been admitted

The abandonment statute specifically authorizes the wife who has been abandoned to testify, and the court did not err in permitting her to do so.

As to the contents of the letter which Mrs. Qualls testifies was stolen from her, if it is true that this letter is either in appellant's possession or beyond the jurisdiction of the court, this fact should be shown, and

if it is shown on another trial, then there will be no error in permitting her to testify as to its contents.

As the case will be reversed and remanded, we would suggest that the district attorney secure another indictment, and by use of the conjunction "and" charge the offense to have been committed in all the ways denounced by the statute, and then there could be no question about the jurisdiction of the District Court of Coryell County. Of course, in submitting the offense to the jury the court should submit the case only as to the modes and methods of committing the offense the evidence will·sustain.

While there are a number of other grounds assigned, we think the ruling on the above questions will sufficiently indicate to the court what testimony should be excluded that was admitted on this trial

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*