## J. S. RUTHERFORD V. THE STATE.

### No. 3213. Decided October 14, 1914.

**1.—Occupation—Traveling Physician—Indictment.**

Where the word "physician" was written "physicial" in the indictment, and defendant moved to quash the indictment on that ground, but the court permitted the State to change the word so as to read "physician," the same was reversible error; although had the court not undertaken to have changed the wording, the indictment may have been sufficient.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of engaging in the occupation of an itinerant physician without license, the evidence showed conclusively that the defendant resided permanently in the county of the prosecution, the conviction could not be sustained; although he might have been convicted for illegally practicing medicine.

Appeal from the County Court of Wilbarger. Tried below before the Hon. J. B. Copeland.

Appeal from a conviction of pursuing the occupation of an itinerant physician without license; penalty, a fine of $75.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted under an indictment charging him with engaging in and pursuing the occu-

pation of a physician, traveling from place to place, without having paid the tax levied on said occupation, and his punishment was assessed at a fine of seventy-five dollars, being the amount of the State and county tax on such occupation.

In that part of the indictment wherein it was intended to allege. that appellant "followed the occupation of physician, traveling from place to place," etc., the word "physician" was written "physicial," an "l" being written where it should have been an "n". Appellant, among other grounds, moved to quash the indictment because there was no such occupation taxed as a "physicial." The court refused to quash the indictment and ordered the clerk to change the indictment so as to read "physician." This the court had no authority to do, as this word was a matter of substance in the offense charged and not mere matter of form.. An indictment can not be amended in matter of substance. (Art. 587, White's Ann. Proc.)  And it is a rule of law that an indictment thus altered will not support a conviction.  (Calvin v. State, 25 Texas, 789; Edward v. State, 10 Texas Crim. App., 25.)  Had the trial court not undertaken to change the wording of the indictment the whole context might have been sufficient, notwithstanding this mistake in spelling the word physician, but we can not countenance the alteration of indictments in matters of substance after they have been returned into court.

Again we do not think the evidence in this case would sustain the conviction.  He was prosecuted for pursuing the occupation of itinerant physician, going from place to place, in the practice of that profession without paying the tax levied by law.  The evidence conclusively shows that he had been a resident of the City of Vernon, in the County of Wilbarger, for more than a year at the date of the institution of these proceedings, and would show him guilty of violating that provision of the Code prohibiting anyone from practicing medicine without having obtained a license from the medical board and registering same, and not the article preventing one from practicing medicine as an itinerant physician without having paid an occupation tax.  Had he paid the occupation tax under the evidence in this case he would not have been authorized to practice medicine, and as the evidence clearly shows that his fixed residence since he has been in this State has been at Vernon, he would not be liable for the tax levied on traveling physicians.  Taking this view of the case, it is unnecessary to discuss the other questions raised.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and remanded.*