HORRISE DONALD CROWNOVER V. STATE

No. 28,032. February 8, 1956.

*C. F. Sentell,* Snyder, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is negligent homicide; the punishment, a fine of $2,000.00.

The statement of facts reflects that the automobile driven by the appellant crossed over the center of the highway, collided with a pickup-truck which he was meeting, and the near "head on" collision which followed resulted in the death of a little girl who was a passenger in the pickup.

The appellant did not testify or offer any evidence in his behalf.

From the record, it appears that the appellant presented a bill of exception to the trial court, who qualified the same. The appellant excepted to the qualification, and the court filed his own bill of exception. No bystanders' bills were filed. The law requires that we consider the court's bill. From it, we learn that the appellant was first charged with the instant offense on July 8, 1955, and was brought before the court and informed of the charge against him. Appellant was thereafter notified in writing that his case was set for August 8. On August 8, the appellant appeared and stated that he had no attorney and was by the court admonished to secure one, and the case was reset for August 10. On August 10, a new complaint and information were filed bearing a new case number. The only difference between the instruments which had been earlier filed and those filed on August 10 was that the latter contained the expression "and without apparent intention of killing anyone." On August 10, the appellant appeared without counsel and was asked if he was ready to proceed to trial at that time without the benefit of counsel. The appellant answered that he was ready to proceed and made no request for time to acquire counsel or prepare for trial, and the cause proceeded to trial.

From the above, it is apparent that the appellant did not exercise sufficient diligence in securing the services of an attorney. Waldrop v. State, 159 Tex Cr. Rep. 329, 263 S. W. 2d 783.

In appellant's brief, he urges reversal because the appellant

was not given the two days in which to file written pleadings, as provided by Article 514, V.A.C.C.P.

This court, in King v. State, 146 Tex. Cr. Rep. 572, 176 S. W. 2d 954, held that the two days provided by Article 514, supra, might be waived by failing to request a postponement. Such also is the holding in Martin v. State, 54 Tex. Cr. Rep. 439, 113 S. W. 274.

Appellant next complains that a member of the jury which convicted him was a half brother-in-law to the uncle of the deceased child. The court qualifies the bill by certifying that the appellant was given an opportunity to question the panel and that he refused to do so. The relationship named is not such as to disqualify the juror. Article 616, V.A.C.C.P.

Appellant alleges in his motion for new trial that he was denied the opportunity to speak to the jury in his own defense. There is no statement of facts on motion for new trial before us, and since the motion itself is merely a pleading and cannot be considered as evidence, there is nothing before this court for review.

Finding no reversible error, the judgment of the trial court is affirmed.