D.R. OLIVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 62740.

Court of Criminal Appeals of Texas, Panel No. 2.

March 9, 1983.

 

Joe A. Hughey, Marshall, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal where D.R. Oliver, appellant, was convicted by a jury of practicing dentistry without first having obtained a license from the State Board of Dental Examiners, a violation of the *Dental Practices Act.* See Arts. 4548a; 4548i; and 4551a, V.A.C.S. Art. 4548a, supra, provides that any person who practices, or offers to practice, dentistry in this State or holds himself out as practicing dentistry in this State without first having obtained a license from the State Board of Dental Examiners shall be guilty of a misdemeanor. Punishment may be assessed by a fine of not less than $100 nor more than $1,000, or by confinement in jail from one month to twelve months, or by both such fine and confinement. The jury assessed appellant's punishment at confinement in the Harrison County jail for a period of 5 months, and additionally assessed a $1,000 fine.

The record reflects that on August 8, 1977, the Appellant was originally charged by complaint and information. However, on the day of trial, October 25, 1977, but before the commencement of trial, the prosecuting attorney refiled the charge because the original information failed to contain any culpable mental state. See V.T.C.A., Penal Code, Sec. 6.02(b), which provides: "If the definition of the offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." On motion of the prosecuting attorney, the trial court dismissed the original information. Over objection, the appellant was thereafter forced to trial on the new information.

The appellant in his appeal complains, among other things, that the trial court erred when it forced him to trial on October 25, 1977, under the new information. Appellant contends that pursuant to Art. 27.-11, V.A.C.C.P., he was entitled to ten additional days before he could be tried under the new information. As authority for his contention, he relies upon Art. 27.11, *Id.*, and, among others, the following decisions of this Court: *Pugh v. State,* 163 Tex.Cr.R. 258, 289 S.W.2d 929 (Tex.Cr.App.1956); *Stephens v. State,* 66 Tex.Cr.R. 359, 147 S.W. 235 (Tex.Cr.App.1912); *Woodall v. State,* 25 Tex.Cr.R. 617, 8 S.W. 802 (Tex.Ct.App. 1888); and *Reed v. State,* 31 Tex.Cr.R. 35, 19 S.W. 678 (Tex.Ct.App.1892). Art. 27.11, supra, specifically provides: "In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." The predecessor statute, see former Art. 514, V.A.C.C.P. (1925), is in all things identical to the present statute except that the former statute provided for two days rather than the present ten days. The statute has been construed several times to be applicable to misdemeanor offenses. See, for example, *Pugh v. State,* supra. Where the provisions of the former statute were timely invoked by the accused, the trial court was required to delay any trial until after the expiration of the allowed statutory time. Failure to delay the trial would result in reversal of a conviction. See *Buckley v. State,* 108 Tex.Cr.R. 60, 298 S.W. 900 (Tex.Cr.App.1927). We agree with appellant that he should not have been forced to trial on October 25, 1977, on the new information, after he voiced his objection that he was "not prepared to go to trial at [that] time." We will therefore reverse the appellant's conviction.

The record reflects the following:

[Defense Attorney]: Now comes the defendant, Dock Oliver by and through his attorney ... and would object to the change of the information under a new cause number for the following reasons: one, that the State was advised at an earlier time that it was the opinion of the defendant's attorney that there was a lack of a culpable state listed and it was the State's opinion that their information was correct and that there was no need for a change; *second, due to the fact that the defense had already prepared its case and because of the surprise in the State's change in the information we would not be prepared to go to trial at this time ...* [Emphasis Added].

THE COURT: Motion [sic] denied ...

We find that *Pugh v. State,* supra, is strikingly analogous to this cause. There, the defendant was convicted of the misdemeanor offense of possessing unstamped illicit liquor. At pre-trial, the prosecutor presented to the trial court a motion to dismiss, because he believed the information in that cause was defective. The prosecuting attorney also requested permission from the trial court to file a new complaint and information against the defendant. The trial court granted the motion and request and the defendant was then called upon to plead to the new information. However, the defendant did not plead to the new accusation but instead invoked the provisions of then Art. 514, supra, the predecessor statute of Art. 27.11, supra, requesting that he be allowed the then two days time before being forced to trial. The trial court denied the request. Over objection and exception the defendant was forced to trial, and was thereafter convicted. On appeal, this Court reversed, holding that when the new case was filed, the defendant was, in effect, being called upon for the first time to answer to the new offense, and was legally entitled to the then statutory time of two days before he could be put to trial. Judge Davidson, in speaking for the Court, and without mincing any words about the matter, stated the following: "We have repeatedly held that such statute must be complied with upon the demand of the accused." Judge Davidson also pointed out the following: "When the State filed the new information, a new case was thus instituted and appellant was called upon, for the first time, to answer for the offense charged in that information."

We are unable to find any discernible difference between the facts in this cause and *Pugh v. State,* Id. We find that the response of counsel for the appellant, that "due to the fact that the defense had already prepared its case and because of the surprise in the State's change in the information we would not be prepared to go to trial at this time," to be sufficient to invoke the provisions of Art. 27.11, supra, and hold that the trial court erred in failing to honor the appellant's informal invocation of Art. 27.11, supra.

■ The general and perhaps most basic premise of the long-standing "right to time" statute is that it was enacted by the Legislature of this State to afford the accused or his counsel a right to carefully examine the formal accusation and to prepare and file any necessary pleadings pertaining thereto. See *Reed v. State,* supra; *Evans v. State,* 26 Tex.Cr.R. 32, 35 S.W. 169 (Tex.Cr.App.1896); *Johnson v. State,* 49 S.W. 618 (Tex.Cr.App.1899); *McFadin v. State,* 44 Tex.Cr.R. 471, 72 S.W. 172 (Tex. Cr.App.1903); *McKenzie v. State,* 116 Tex. Cr.R. 395, 11 S.W.2d 172 (Tex.Cr.App.1928). Such time allowed an accused is both a precious and valuable right, and we adhere to past decisions of this Court which have construed the predecessor statute, supra, to be a mandatory statute when timely and properly invoked. We hold today that when the provisions of Art. 27.11, *Id.,* are either formally or informally invoked, the statutory ten days must be afforded the accused. Refusal to grant such time will result in reversible error. "Such statute must be complied with upon the demand of the accused." *Pugh v. State,* supra.

The State argues that the appellant waived whatever rights he may have had under Art. 27.11, supra, to delay the trial, claiming that appellant did not file, pre-trial, a written motion for continuance or postponement, and further failed to perfect his error by way of a bill of exception. The State also argues that because the appellant has failed to show harm, in being forced to trial on October 25, 1977, if there was error in the trial court's decision it was not re-versible error. We disagree totally with the arguments the State makes.

We find that the State misreads or misinterprets the facts of several of the cases it cites as authority for its position, because we find that the facts of the case at bar are patently distinguishable from those cited by the State. See, nevertheless, *Crownover v. State,* 162 Tex.Cr.R. 470, 286 S.W.2d 624 (Tex.Cr.App.1956); *King v. State,* 146 Tex. Cr.R. 572, 176 S.W.2d 954 (Tex.Cr.App. 1943); *Callison v. State,* 37 Tex.Cr.R. 211, 39 S.W. 300 (Tex.Cr.App.1897); *Brewin v. State,* 48 Tex.Cr.R. 51, 85 S.W. 1140 (Tex. Cr.App.1905); *Counts v. State,* 49 Tex.Cr.R. 329, 94 S.W. 220, 221 (Tex.Cr.App.1906).

■ If we understand the State's argument, it is that before the accused may invoke the provisions of Art. 27.11, supra, it is incumbent upon the accused to 1) prepare and file pre-trial a written motion for continuance or postponement; 2) state therein the specific terminology as contained in Art. 27.11, supra; and 3) have the record reflect a bill of exception to indicate the basis for the motion for continuance or postponement of the cause. Failure to do all these things will constitute waiver of his rights under Art. 27.11, supra, so argues the State. Although we agree with the State that "there is a waiver where the defendant goes to trial without insisting on his right," 16 *Tex.Jur.2d,* Criminal Law, Sec. 299, in this instance, the clear and unequivocal objection made by the appellant's attorney reflects the invocation of the right not to be tried on the day in question, i.e., the accused's attorney made manifest that he and his client did not want to go to trial on October 25, 1977. Counsel was not seeking a continuance or postponement of the trial of the case, but was instead insisting that he be accorded the mandatory time permitted before being forced to trial, which was his legal right to do. Under the terms of Art. 27.11, supra, a mandatory statute, there is no requirement that the defendant show harm; he must merely show that he made an affirmative request for the allowed statutory time, and such was refused.

Art. 40.09, Sec. 6(a), V.A.C.C.P., provides in part that "A party desiring to have the record disclose some action, testimony, evidence, proceeding, objection, exception, or other event or occurrence not otherwise shown by the record may utilize a bill of exception for this purpose." Because the record in this cause clearly reflects that the appellant was objecting to being forced to trial on October 25, 1977, it was not necessary for the appellant to do a useless act, i.e., prepare and file a formal bill of exception or to dictate into the record an informal bill of exception. As we noted in *Matthews v. State,* 635 S.W.2d 532, 537 (Tex.Cr.App.1982), because of the enactment of Art. 40.09, supra, formal bills of exception have virtually ceased to be used by defendants to perfect a ground of alleged error. Also, by virtue of Art. 40.09, an informal bill of exception may now be reflected in the transcription of the statement of facts of the trial. In this instance, the appellant was objecting to being put to trial on October 25, 1977, under a new information. Although he did not state the specific words of Art. 27.11 in making his objection, it is axiomatic that where the correct ground of objection was or should have been obvious to the trial court and opposing counsel, no waiver results from a general or imprecise objection. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App. 1977). We find that the appellant's objection was sufficiently clear to informally invoke the provisions of Art. 27.11, supra, and to make known he did not desire to be tried on October 25, 1977, on the new information. Because we fail to see a distinction between objecting to being forced to trial and requesting a continuance or postponement in order to take advantage of the time allowed by Art. 27.11, supra, we hold that the accused may use either in invoking the terms of Art. 27.11, *Id.* To the extent they are in conflict with this holding, *Martin v. State,* 54 Tex.Cr.R. 439, 113 S.W. 274 (Tex. Cr.App.1908), and *Spicer v. State,* 69 Tex. Cr.R. 459, 154 S.W. 548 (Tex.Cr.App.1913), are overruled.

Because of the disposition we make of the above ground of error, we will not address the other grounds of error appellant raises in his brief. However, in the event of a retrial, we point out to the parties that the word "dentistry" is misspelled in both the complaint and the information. See *Qualls v. State,* 71 Tex.Cr.R. 67, 158 S.W. 539 (Tex.Cr.App.1913); *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976); *Weeaks v. State,* 163 Tex.Cr.R. 226, 289 S.W.2d 758 (Tex.Cr.App.1956). Cf. *Rutherford v. State,* 74 Tex.Cr.R. 617, 169 S.W. 1157 (Tex.Cr. App.1914); *Jones v. State,* 25 Tex.App. 621, 8 S.W. 801 (1888).

The judgment of conviction is reversed, and the cause remanded to the trial court.

ONION, P.J., concurs.