11th Court of Appeals
Eastland, Texas
Opinion
 
Craig Michael Stricklin
            Appellant
Vs.                  No. 11-03-00151-CR – Appeal from Collin County
State of Texas
            Appellee
 
            Craig Michael Stricklin appeals from a conviction of assault causing bodily injury. The trial
court found appellant guilty and sentenced him to 30 days confinement and a $500 fine. The
imposition of the confinement portion of the sentence was suspended, and appellant was placed on
community supervision for one year. We affirm. 
            In his one point of error on appeal, appellant asserts that the trial court erred in not granting
a continuance pursuant to appellant’s right to ten days after his arrest to file pleadings. TEX. CODE
CRIM. PRO. ANN. art. 27.11 (Vernon 1989). This right can be either formally or informally
invoked. Oliver v. State, 646 S.W.2d 242 (Tex.Cr.App.1983). Refusal to grant the request is
harmful error. Oliver v. State, supra. Article 27.11 affords the accused the time to examine the
charges and prepare any necessary pleadings. Roberts v. State, 93 S.W.3d 528 (Tex.App. - Houston
[14th Dist.] 2002, pet’n ref’d).
            Appellant was arrested on May 27, 2001, and an information was filed against him on April
10, 2002. Appellant’s case was set for jury trial on October 28, 2002. Appellant waived his right
to a jury trial, and the case was set on the nonjury docket for January 23, 2003. Previous to these
trial settings, appellant filed several pretrial motions. On the day of trial, appellant’s counsel filed
a motion to withdraw as counsel. The motion to withdraw was pursuant to appellant’s request.
Appellant agreed and approved the motion. Appellant told the trial court that he was prepared to
proceed without counsel. Appellant signed a document in which the dangers and disadvantages of
self-representation were set forth; he stated that he understood the contents. After the trial court
allowed appellant’s counsel to withdraw, appellant announced “not ready.” Appellant stated that
he would like a continuance until he could get the financial resources to pay his attorney. The trial
court did not act on appellant’s motion for continuance but stated that he could re-urge it after the
State had rested. After the State rested, the trial court continued the case to March 7, 2003.
            The trial court did not err in proceeding with the trial. Appellant had approximately nine
months after his information was filed in which to prepare written pleadings before trial. In fact,
appellant’s attorney had filed several written pleadings on behalf of appellant before withdrawing. 
There was not a new information, and new charges had not been filed against him. Appellant had
sufficient time to examine the charges against him and to file written pleadings. The objectives of
Article 27.11 have been met. Appellant’s sole point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
February 5, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.