Order filed November 16, 2006

















 
 
  
 
 







 
 
  
 
 




Order filed November 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00009-CR 

                                                    __________

 

                                    GARY ALLAN SEALS, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court 

                                                          Taylor County,
Texas

                                                 Trial
Court Cause No. 21,277-A

 



 

                                                                      O
R D E R

 

This court originally affirmed the conviction in
an unpublished opinion on November 17, 2005. 
Gary Allan Seals=s
petition for writ of habeas corpus seeking to file an out-of-time petition for
discretionary review was granted, and Seals has now filed a petition for
discretionary review in this court. 
Pursuant to Tex. R. App. P. 50,
our opinion and judgment dated November 17, 2005, are withdrawn, and our
opinion and judgment dated November 16, 2006, are substituted therefor.  Seals=s
petition for discretionary review filed in this court on October 25, 2006, is
dismissed by operation of law.  Rule 50.

 

November
16, 2006                                                                    PER
CURIAM

Do not
publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange,
J.











 
 
  
 
 







 
 
  
 
 




Opinion filed November 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00009-CR 

                                                    __________

 

                                    GARY ALLAN SEALS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,277-A

 



 

                                              O
P I N I O N   P U R S U A N T   T O   

                                                          Tex. R. App. P.  50

The jury convicted Gary Allan Seals of burglary of
a building.  The trial court found both
enhancement allegations to be true and sentenced appellant to confinement for
fifteen years.  We affirm.








In both his petition for discretionary review and
his brief on appeal, appellant raises challenges concerning only the punishment
phase of the trial.  Appellant argues
that the trial court erred by admitting evidence concerning one of his prior
convictions and by improperly enhancing the range of punishment.  There is no challenge to the sufficiency of
the evidence or to the conviction itself.

The record reflects that appellant entered one of
the Texas Health and Human Services Commission=s
warehouses and removed a mobile air compressor unit without permission.  The door to the warehouse was locked at the
time.  The air compressor was later
retrieved from a pawn shop.  According to
the pawn ticket, appellant had taken the air compressor to the pawn shop less
than an hour after he was seen removing it from the locked warehouse.

The indictment alleged that appellant had two
prior felony convictions:  a 1989 Harris County
conviction for burglary of a building and a 1986 Garza County
conviction for burglary.  Appellant
entered a plea of true to the Harris County conviction and a plea of not true to the Garza County
conviction.  The State introduced pen
packets for both offenses and testimony identifying appellant=s fingerprints as those of the person
convicted in each of the pen packets.

In his first issue in both his petition and his
brief, appellant contends that State=s
Exhibit No. 14 (the pen packet for the Garza County
conviction) does not reflect that appellant had waived the ten days for his
counsel to file pleadings provided by Tex.
Code Crim. Proc. Ann. art. 27.11 (Vernon
1989).  Appellant bases his argument on
the fact that the Garza
 County judgment states
that the offense was committed on February 3, 1986, and the sentence was
imposed on February 11, 1986.  Relying on
the case of Oliver v. State, 646 S.W.2d 242 (Tex. Crim. App. 1983),
appellant contends that the pen packet was inadmissible without evidence that
he waived the ten-day preparation time for the trial.

In Oliver, the defendant appealed from his
conviction of practicing dentistry without a license.  On the day of trial, the State abandoned the
original information and refiled.  Over
the defendant=s
objection that he was being denied his ten days to prepare for trial, the trial
court proceeded with the trial that same day. Appellant correctly notes the
court in Oliver held that, once invoked either formally or informally,
the right to ten days for preparation for trial is mandatory.  646 S.W.2d at 245.  However, we disagree with appellant=s contentions that the holding in Oliver
is applicable in this case.

Oliver involved a direct appeal challenging
the conviction.  Here, appellant is
attempting to collaterally attack his 1986 Garza
County conviction in the direct appeal
of his 2004 Taylor
 County conviction.








It is well settled that, after the State makes a
prima facie showing of a valid prior conviction, the burden shifts to the
defendant to affirmatively establish a defect that renders the prior conviction
void.  Allridge v. State, 762
S.W.2d 146, 156 (Tex. Crim. App. 1988); Johnson v. State, 725 S.W.2d
245, 247 (Tex. Crim. App. 1987); Smith v. State, 683 S.W.2d 393, 407
(Tex. Crim. App. 1984); Hankins v. State, 646 S.W.2d 191, 200 (Tex.
Crim. App. 1981); Tinney v. State, 578 S.W.2d 137, 139 (Tex. Crim. App.
1979).  There is a presumption of
regularity where the procedural defect does not appear in the record unless the
defendant sustains his burden.  Jones
v. State, 646 S.W.2d 449, 449 (Tex. Crim. App. 1983).  Here, appellant made no affirmative showing
that he did not waive the ten days to prepare for trial.  See Tate v. State, 120 S.W.3d 886, 890
(Tex. App.CFort Worth 2003,  no pet.) (defendant did not produce evidence
that right to jury trial was not waived); Battle v. State, 989 S.W.2d
840 (Tex. App.CTexarkana
1999, no pet.); Bruce v. State, 744 S.W.2d 618, 619 (Tex. App.CHouston [1st Dist.] 1987, pet. ref=d). 
The trial court did not err in admitting State=s
Exhibit No. 14 into evidence. The first issue is overruled.         

Tex. Pen.
Code Ann. '
12.42(a)(2) (Vernon Supp. 2006) provides that, when a person convicted of a
state jail felony is shown to have two prior felony convictions, the punishment
for the state jail felony is enhanced to that for the punishment for a second
degree felony:  confinement for a term of
not more than twenty years and not less than two years with an authorization
for an optional fine not to exceed $10,000. 
The original judgment in this case contains a notation:  AEnhanced
with two priors (5-99 or life).@  Appellant argued in his original brief that
this notation established that the trial court erred by enhancing his
punishment to a first degree felony. 
After appellant filed his brief, the trial court entered a judgment nunc
pro tunc stating that the judgment should read Aenhanced
with two prior felonies to a Second Degree Felony.@

Appellant now contends that not only did the trial
court err by enhancing the punishment to that for a first degree felony but
also that the trial court erred by entering the judgment nunc pro tunc.  We disagree.








Tex. R. App.
P. 23 provides that the failure to render sentence or judgment may be
corrected at any time by the trial court unless a motion for new trial or a
motion to arrest judgment has been granted. 
The trial court retains this power to correct clerical mistakes in the
judgment or sentence even if the conviction is on appeal.  State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994).  The trial court
cannot use a judgment nunc pro tunc to correct a judicial error.  Id.  To the extent that there is a variance, a
trial court=s oral
pronouncement of the sentence controls over the written pronouncement.  Ex parte Madding, 70 S.W.3d 131, 135
(Tex. Crim. App. 2002); Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim.
App. 1998).

Other than the entry on the original written
judgment, the record from the trial does not reflect that at any time the trial
court referenced the appropriate punishment to be that for a first degree
felony as opposed to a second degree.  In
open court, the trial court sentenced appellant as follows:

You pled true to the first enhancement
paragraph.  The Court finds that
paragraph true.  Pled untrue to the
second enhancement paragraph.  The Court
finds that enhancement paragraph true after hearing the evidence in the case
and assesses your punishment at 15 years confinement in the State penitentiary
and you are sentenced to serve 15 years confinement in the State penitentiary.

 

Appellant has not established that the judgment nunc pro tunc
corrected anything other than a clerical error or that the trial court abused
its discretion by entering the judgment nunc pro tunc.  The second issue is overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

November 16, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.