

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00224-CR

———————————————————

LEONIDAS HERNANDEZ RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1788542

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I.  Introduction

A jury found Appellant Leonidas Hernandez Rodriguez guilty of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact.  *See* Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 21.11(a)(1).  The jury assessed punishment at confinement for thirty-three years for Count 1, thirty years for Count 2, and eight years for both Counts 3 and 4, and the trial court ordered the sentences to run consecutively.  In his sole issue on appeal, Rodriguez argues that the trial court abused its discretion by denying his motion for continuance.  We affirm.

### II.  Factual and Procedural Background

Because Rodriguez does not challenge the sufficiency of the evidence, we will summarize the facts only briefly.  When he was approximately nine years old, G.B.[1] moved to Arlington to live with his mother, brother, and Rodriguez.  G.B. slept in a room with his brother and Rodriguez, and his mother slept in a separate bedroom.  G.B. described that on multiple occasions while he was sleeping, Rodriguez would rub his penis in between G.B.'s "butt cheeks."  G.B. testified that Rodriguez penetrated his anus with Rodriguez's penis two separate times.  In 2020, after he became an adult, G.B. reported the sexual abuse to the Arlington police.

---

[1]To protect the complainant's anonymity, we refer to him by initials.  *See* *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

On December 16, 2020, Rodriguez was indicted in Cause Number 1655275D. The indictment alleged in two counts that on or about December 5, 2002, and December 5, 2004, Rodriguez caused his sexual organ to contact the anus of G.B., a child younger than fourteen years of age at the time of the offense. Rodriguez was later reindicted on July 20, 2023, in Cause Number 1788542. That indictment alleged in two counts that on or about December 5, 2004, and December 5, 2006, Rodriguez contacted G.B.'s anus with Rodriguez's sexual organ and that G.B. was a child younger than fourteen years of age at the time of the offense. The indictment further alleged in two counts that on or about December 5, 2004 and December 5, 2006, Rodriguez engaged in sexual contact by touching any part of G.B.'s body with any part of Rodriguez's genitals, and that G.B. was a child younger than fourteen years of age at the time of the offense.

On July 27, 2023, Rodriguez filed a motion for continuance in Cause Number 1655275D based upon "new CPS evidence that recently came to light." Rodriguez filed another motion for continuance on July 31, 2023—the day trial began. In that motion, Rodriguez argued that he had only recently received CPS records on July 17, 2023, and also that he had just been made aware of the new indictment that contained the two new allegations and also new dates from the original indictment.

On the morning of trial, Rodriguez's counsel argued to the trial court that he had never entered an appearance on the reindicted cause number and that he would like ten days to review the new charges. He stated that because the reindictment

3

contained new charges, new accusations, and new dates, he needed more time to prepare for trial. The State responded that the July 20 reindictment was "outside the ten-day requirement." The State further explained that the accusations that were added to the reindictment had been in the case file the entire time and were not based upon new evidence or new statements by a witness.

The trial court asked Rodriguez's counsel if the allegations in the reindictment were "a complete and utter surprise." Counsel responded that there were "new surprises" because of the new dates. The State countered that the alleged conduct had been available to Rodriguez but that the new dates were alleged to "match his date of birth and are based on the ages he gave to CPS and the investigators in this case when he later outcried with the police department." Rodriguez's counsel argued that he needed time to go back and recalculate the dates to figure out the time frame of the allegations and to research this new indictment. The trial court again questioned counsel on surprise, and counsel conceded that there was no genuine surprise. The trial court denied the motion for continuance.

### III. Discussion

On appeal, Rodriguez argues that the trial court abused its discretion by denying his motion for continuance. Rodriguez's argument lacks merit.

We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). To establish reversible error based upon the denial of a motion for continuance, a defendant must

4

show both that the trial court erred in denying the motion and that the lack of a continuance harmed him. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010). Speculative harm is not enough. *Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006). The record must show "with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales*, 304 S.W.3d at 842 (quoting 42 George E. Dix & Robert O. Dawson, *Texas Practice Series: Criminal Practice and Procedure* § 28:56 (2d ed. 2001)).

Rodriguez argues that the trial court erred by denying the motion because pursuant to Articles 27.11 and 27.12 of the Code of Criminal Procedure, he was entitled to ten entire days after the reindictment to file written pleadings. *See* Tex. Code Crim. Proc. Ann. arts. 27.11, 27.12. He contends that he was not formally served with a certified copy of the reindictment until the arraignment on July 27, 2023, four days prior to trial. He maintains that he was entitled to a ten-day postponement under Article 27.12.

Article 27.11 provides that "[i]n all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." *Id.* art. 27.11. The Texas Court of Criminal Appeals has construed this article to mean that when an accused invokes Article 27.11, whether formally or informally, he must be given the statutory ten days to prepare. *Oliver v. State*, 646 S.W.2d 242, 245 (Tex. Crim. App. [Panel Op.] 1983). When a defendant is entitled to be served with a copy of an indictment, the ten days

5

run from the date of service. Tex. Code Crim. Proc. Ann. art. 27.12; *see id.* art. 25.01 (providing that an accused who is in custody when a felony indictment is issued is entitled to immediate, formal service of a certified copy of the indictment by the sheriff). But when the accused is not entitled to formal service of the indictment, "the date that the new charging instrument is filed is used as the starting point." *Trevino v. State*, 900 S.W.2d 815, 817 (Tex. App.—Corpus Christi–Edinburg 1995, no pet.). "An accused is not entitled to formal service of an indictment when he has been released on bail at the time a felony indictment is presented; in such a circumstance, the accused is entitled only to have the clerk deliver a copy of the indictment to him or to his counsel 'at the earliest possible time.'" *Mitchell v. State*, No. 02-19-00267-CR, 2021 WL 4205008, at *3 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op., not designated for publication) (quoting Tex. Code Crim. Proc. Ann. art. 25.03.)

Rodriguez was released on bond at the time of the reindictment. Thus, the ten days' notice requirement in Article 27.11 ran from July 20, 2023, the date that the reindictment was filed. *See id.* Rodriguez received the full ten days required by Article 27.11, and the trial court did not err by denying him additional time. *See id.*

Rodriguez also argues that he was prejudiced by the trial court's denial of his motion for continuance. Rodriguez must show with specificity how he was harmed by the trial court's refusal to allow him more preparation time. *See Gonzales*, 304 S.W.3d at 842. This showing can ordinarily only be made at a hearing on a motion for new trial, "because almost always only at that time will the defendant be able to

6

produce evidence as to what additional information, evidence[,] or witnesses the defense would have had available if the motion for delay had been granted." *Runnels v. State*, Nos. 02-19-00295-CR, 02-19-00296-CR, 2021 WL 1421438, at\*1 n.2 (Tex. App.—Fort Worth Apr. 15, 2021, no pet.) (mem. op., not designated for publication) (quoting 43 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 33:20 (3d ed. 2020)).

Rodriguez filed a motion for new trial but did not rely on the denial of his motion for continuance in support of his motion. His argument in its entirety stated that "the verdict is contrary to the law and evidence."

The record shows that the reindictment was not based upon any new evidence or new statements. Rodriguez's counsel admitted that there was no genuine surprise in the reindictment.

Rodriguez argues on appeal that he did not have adequate time to prepare for trial and that because the reindictment alleged new dates, he was prevented from conducting effective cross-examination of G.B. The record shows that Rodriguez's counsel conducted extensive cross-examination of G.B. He was aware of the timeline of the allegations and challenged G.B.'s recollection of details. Rodriguez does not show with specificity how his cross-examination of G.B. was affected by the denial of additional time to prepare. Speculative harm is not enough to show an abuse of discretion. *See Renteria*, 206 S.W.3d at 702. Rodriguez has not established actual

prejudice, and we cannot conclude that the trial court abused its discretion by denying his motion for continuance. We overrule Rodriguez's sole issue.

## IV. Conclusion

Having overruled the sole issue on appeal, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 4, 2024